THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appllee, *v.* JOSEPH H. BURROWS, Defendant-Appellant.

(No. 12352; )

Fourth District—April 25, 1974.

John F. McNichols, Deputy Defender, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana, for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On July 7, 1972, defendant-appellant Joseph Burrows was convicted of the burglary of the Sidney, Illinois, Dairy Bar in violation of section 19—1 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, sec. 19—1). On August 7, 1972, defendant was placed on 3 years' probation. On November 29, 1972, a motion to revoke defendant's probation was filed which alleged that defendant had violated the conditions of his probation by committing the burglary of the Community Unit School District No. 7 in Sidney and by committing the burglary of McCarrey's Garage in Sidney. On December 28, 1972, a hearing was held on the motion to revoke probation, and the court found that defendant had violated the terms of his probation by committing the two burglaries. On January 5, 1973, the court conducted a hearing and sentenced defendant to 2 to 6 years for the underlying burglary offense. On February 7, 1973, defendant filed his notice of appeal.

The Illinois Defender Project moved to withdraw as counsel for defendant, and appended to the motion a brief in conformity with *Anders v. California*, 386 U.S. 738. The record shows proof of service of the motion was continued to enable the defendant to file additional suggestions, and notice of this opportunity given to him. None were filed.

In discharge of our responsibilities we have examined the record. At the hearing on the motion to revoke probation defendant was represented by an assistant public defender. Over defendant's counsel's objection the State was granted permission to amend their probation revocation petition in order to insert the exact date of the two alleged burglaries as being September 8, 1972. The court stated that the only possible objection to the motion to amend would be that defendant would not be prepared because of inadequate notice. However, the court then asked defendant's counsel if, despite the amendment, he was ready to proceed. Defendant then stated, "Yes we are, Your Honor." The record, therefore, discloses that defendant was admittedly adequately prepared and received sufficient notice of the alleged probation violations.

Rex Ollen Rusher testified that on the evening of September 8, 1972, he and defendant broke into McCarrey's Garage and the Sidney Grade School in Sidney, Illinois. He then testified as to the exact details of these incidents and stated that they stole cigarettes from the principal's office and money from the pop machine at the school and cigarettes and money from the garage.

The State then introduced evidence of the ownership of the school and the testimony of the school janitor that on the morning of September 9, 1972, he observed that the pop machine at the school had been broken into and the principal's office had been ransacked. Evidence was also introduced concerning the ownership of the garage, and the lack of authority on defendant's part to enter the garage.

Virginia Burrows, defendant's mother, testified that on the evening of September 8, 1972, defendant was home sick from 6 P.M. to 10 P.M. She stated that at about 10 P.M., defendant left to go to a party at the home of his older brother, Carlos Burrows. Carlos testified that defendant attended a party at his house on September 8, 1972. He couldn't remember the exact time defendant arrived but stated that it was later in the evening. He further stated that defendant came with Rex Rusher and that defendant did not leave the party that evening except to go across the street to buy pop.

Dennis Burrows, another brother of defendant, testified that he was at the party on September 8, 1972, and that Rex Rusher left the party alone at about 10:30 P.M. and returned a little bit after 11 P.M.

Defendant testified that he was in bed sick until 10 P.M. on September 8, 1972, at which time he left to go to his brother's house for a party, and he didn't leave the party at all that evening except to get a coke. He also stated that he saw Rusher at the party and that Rusher left around 11 P.M., but he didn't go with him nor did he commit the burglaries. The court then found defendant to have violated the terms of his probation by committing the two burglaries in question. There was certainly sufficient evidence introduced by the State to support such a conclusion.

On January 5, 1973, the court conducted a sentencing hearing on the underlying offense. Defendant was represented by counsel at the hearing, and counsel acknowledged receiving the presentence report 3 days prior to the hearing. The court also considered a psychiatric report and a clinical record from the Army. The court questioned defendant concerning his background and then sentenced him to 2 to 6 years with credit for the time served in the county jail and on probation. The sentence imposed is within the statutory limits.

We agree that this record discloses no justiciable issue for review and that the appeal is without merit and frivolous. Accordingly the motion of the Illinois Defender Project to withdraw as defendant's counsel is allowed and the judgment of the trial court is affirmed.

Judgment affirmed.

TRAPP, P. J., and CRAVEN, J., concur.