Gerson Merrill **KARTMAN**,
Petitioner,

v.

Robert **PARRATT**, Warden, Nebraska
Penal and Correctional Complex,
Respondent.

Civ. No. 75–L–47.

United States District Court,
D. Nebraska.

July 23, 1975.

Bennett G. Hornstein, Omaha, Neb., for petitioner.

Mel Kammerlohr, Asst. Atty. Gen., State of Nebraska, for respondent.

## MEMORANDUM

DENNEY, District Judge.

This habeas corpus case comes before the Court pursuant to Title 28 U.S.C. § 2254 subsequent to a stipulation by the parties that the case be submitted on the record. The petitioner contends that his probation was revoked in violation of due process of law.

The petitioner pleaded nolo contendere to three counts of motor vehicle homicide on June 16, 1972, in Douglas County District Court and was sentenced to two months' imprisonment on Count I and placed on probation for two years on Counts II and III.

On July 9, 1973, petitioner was charged by information with violating the terms of his probation by committing the offenses of defrauding an innkeeper and drunk and disorderly conduct occurring on July 5, 1973, in Omaha, Nebraska. A hearing was held on the same day the information was filed, and at the joint motion of counsel for the state and the petitioner the matter was continued until September 17, 1973. On September 17, 1973, the state court allowed the withdrawal of the original information and allowed the simultaneous filing of a substitute motion to revoke probation on three charges: (1) that the petitioner was convicted of disturbing the peace in Sapulpa, Oklahoma, on November 30, 1972; (2) that the petitioner operated a motor vehicle while intoxicated and refused to submit to a sobriety test in Tulsa, Oklahoma, on March 24, 1973; and (3) that the petitioner failed to satisfy his probation officer that he had complied with the terms of his probation and failed to demonstrate a bona fide attempt to rehabilitate himself.

A preliminary hearing was held on September 21, 1973, and probable cause to revoke probation was found. After a final revocation hearing was held in the district court on October 18, 1973, at which the petitioner was represented by counsel, the petitioner's probation was revoked and he was sentenced to imprisonment for one to ten years on Count II and one year on Count III, the sentences to run concurrently.

The petitioner appealed to the Nebraska Supreme Court and contended that the revocation procedure denied him due process of law and did not comply with Neb.Rev.Stat. §§ 29–2266 and 2267 (1974 Cum.Supp.). The supreme court affirmed the district court's decision. *State v. Kartman*, 192 Neb. 803, 224 N.W.2d 753 (1975). The petitioner subsequently petitioned this Court for an application for a writ of habeas corpus.

The petitioner has raised many arguments in support of his application for the writ. Although the Court finds that the state committed errors in the revocation proceedings, the errors were not prejudicial to the petitioner and, therefore, petitioner's application for writ of habeas corpus is denied.

In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),

the United States Supreme Court established the following minimal due process requirements for preliminary and final parole revocation proceedings:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. 408 U.S. at 489, 92 S.Ct. at 2604.

The same minimal due process requirements were extended to probation revocation proceedings in *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756 36 L.Ed.2d 656 (1973).

■ Petitioner first contends that under the holding of *Morrissey* he was entitled to a preliminary hearing held reasonably near in time and place to the alleged violations of Counts I and II. The Court in *Morrissey* held:

> [D]ue process would seem to require that some minimal inquiry be conducted at or reasonably near the place of the alleged parole violation or arrest and as promptly convenient after arrest while information is fresh and sources are available. 408 U.S. at 485, 92 S.Ct. at 2602.

Therefore, the preliminary hearing requirement of *Morrissey* is satisfied when the hearing is held near in time and place to the arrest. Petitioner was arrested in Omaha and the preliminary hearing was held at the place of arrest within a reasonable time after the arrest. Even if petitioner was entitled to a "speedy arrest" after the first violations alleged in Count I and Count II, an assertion this Court finds doubtful

in a revocation of probation proceeding in which the totality of events prompting the motion to revoke must be considered, petitioner has not shown purposeful delay nor prejudice. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). A mere allegation that one "might have been able to call witnesses" is not a showing of prejudice.

■ Petitioner has raised several other allegations of violations of due process pertaining to the preliminary hearing: that he did not receive adequate notice of the hearing because it was served on him only four days prior to the hearing; that the hearing officer failed to "state the reasons for his determination and indicate the evidence he relied on . . .", *Morrissey v. Brewer*, 408 U.S. at 487, 92 S.Ct. at 2603, nor did he make a "summary, or digest, of what [occurred] at the hearing in terms of the responses of the parolee and the substance of the documents or evidence given in support of [probation] revocation and of the [probationer's] position." *Id*. Although the preliminary hearing was defective in several aspects, the petitioner has not alleged nor does this Court find that the defects were prejudicial. *See also, Lambur v. Chew*, 356 F.Supp. 751 (E.D.Va.1973), in which the court applied the harmless error rule in dismissing an action for damages by a parolee who was not afforded a preliminary hearing prior to revocation of his parole.

■■ The petitioner strongly urges that the third count of the information in this case was unconstitutional, vague and hence violative of due process in that it failed to provide sufficient notice of the charge. The third count stated:

> That Patrick C. Krell, the Chief Adult Probation Officer of the Fourth Judicial District is of the opinion that the defendant has failed to comply with the terms and conditions of his probation and that by his conduct he has failed to demonstrate a bona fide attempt to rehabilitate himself. The above cited conduct occurred during

the period of the defendant's probation which commenced on October 2, 1972, and remains in effect.

Although the allegations in a motion to revoke probation need not be as specific as an indictment, they must be sufficient to apprise the probationer of the conditions of his probation which he is alleged to have violated, as well as the dates and events which support the charge. *See Van Blaricom v. Forscht*, 473 F.2d 1323 (5th Cir. 1973). The third allegation is clearly inadequate. Nevertheless, because the second count which charged the petitioner with operating a motor vehicle while intoxicated which resulted in property damage was alleged with sufficient specificity and was proved with clear and convincing evidence, the insufficiency of the third allegation was harmless error beyond a reasonable doubt. *See Reed v. Wolff*, 511 F.2d 1369 (8th Cir. 1975). The following finding of fact appears in the state court's judgment and order:

> The Court further finds that one of the specified conditions of the order of probation was that the defendant "refrain from unlawful conduct." The Court finds that the evidence conclusively established that this provision was flagrantly violated. In passing, it seems appropriate to note, that but for the grace of some essence other than the defendant the "accident" in Oklahoma might well have resulted in another major catastrophe to innocent victims.

The testimony of the arresting officers at the final revocation hearing established the petitioner's illegal conduct beyond a reasonable doubt. Where more than one count is included in a motion to revoke probation, the vagueness of one could well not render the entire proceeding unconstitutional when the other counts are sufficiently specific and the judge's findings of fact as per the specific counts are supported by the evidence.

Petitioner further contends that it was improper for the state court to revoke his probation based on a crime which he had not yet been tried and convicted of. The Court notes that the American Bar Association *Standards Relating to Probation*, § 5.3, states that a revocation proceeding based upon the commission of another crime should not ordinarily be initiated prior to the disposition of that charge. The reasons for this rule are obvious. Probation revocation proceedings are informal; there is only a conditional right to counsel; hearsay is freely admitted; there is no jury; and there is a lesser burden of proof. Furthermore, the revocation proceeding before trial could compromise the assertion of the probationer's privilege against self-incrimination. Despite the merits of the ABA's approach, it is not unconstitutional to revoke probation prior to the trial of criminal charges arising out of the same acts for which revocation is sought. *United States v. Chambers*, 429 F.2d 410 (3rd Cir. 1970); *United States v. Markovich*, 348 F.2d 238 (2d Cir. 1965). Furthermore, the state must balance the interest of society in having a prompt revocation of probation with the probationer's right to a criminal trial by jury.

Finally, petitioner argues that the presiding judge at the final revocation hearing was not a neutral and detached decisionmaker. Specifically, he directs the Court's attention to an affidavit of the county attorney attesting to the fact that the judge refused to dismiss the probation violation charge except on condition that the county attorney file new charges.

Neb.Rev.Stat. § 29–1606 (Reissue 1964) provides in part that if a county attorney, after investigating a case, determines that an information ought not to be filed, he shall file with the clerk of the court his reasons for not filing the information; "Provided, in such case such court may examine the statement, together with the evidence filed in the case, and if, upon such examination, the court shall not be satisfied with the statement, the county

535

attorney shall be directed by the court to file the proper information and bring the case to trial." In *State v. Sanchell*, 191 Neb. 505, 216 N.W.2d 504 (1974), the Nebraska court held that this statute requires approval of the court to dismiss an information once it has been filed. The state judge's action in this case was not an abuse of discretion.

The revocation hearings in this case were held only a few months after *Gagnon v. Scarpelli, supra,* was decided and it is hoped that today its mandate is being fully observed. The Court is satisfied that any errors in the proceedings in this case were harmless beyond a reasonable doubt.

Accordingly, petitioner's application for writ of habeas corpus is denied. An Order is filed contemporaneously herewith in accordance with the findings delineated herein.