UNITED STATES of America, Plaintiff,

v.

Leland A. LEWIS, Defendant.

Crim. A. No. 7–80095.

United States District Court,
E. D. Michigan, S. D.

Aug. 31, 1979.

Mark R. Werder, Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Michael D. Patterson, Stone, Richardson, Grier & Allen, Detroit, Mich., for defendant.

# MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is an action to revoke the probation of Leland A. Lewis. He was placed on probation on July 5, 1977 for two years, after having been convicted of the crime of aiding and abetting transportation of stolen securities and/or money orders, in violation of Title 18 of the United States Code, §§ 2314 and 2.

The first condition of probation provided: "You shall refrain from violation of any law . . . ." The probationer was charged with violation of this condition of probation, the government claiming that he participated in an armed robbery of persons in a home on December 4, 1978. He has not been convicted of the charge, the matter having been dismissed at a preliminary hearing when the prosecution witness failed to appear and testify.

The defendant contends that the court cannot revoke probation for "violation of the law" unless he has previously been convicted of a crime involving violation of the law. Probationer's contention is that there must be some relationship between the condition which he is being charged with violating and the testimony taken. Specifically, probationer attempts to draw a distinction between a condition of probation which prohibits *engaging in criminal activity* and one which prohibits the *violation of a law*. While, according to probationer, one's probation can be revoked for engaging in criminal activity without a prior conviction, one's probation cannot be revoked where the condition is prohibition of the violation of a law without a prior conviction. In essence, probationer is drawing a semantic distinction between the two phrases, contending that a legal determination of guilt is essential to one but not the other. Probationer's contention is wholly without merit. Both phrases, "violation of a law" and "engaging in criminal activity," rest on legal conclusion that the probationer has done an act proscribed by the laws of the jurisdiction.

The law is clearly settled that a probationer need not previously be convicted of the crime which is the alleged violation of probation. A probation revocation hearing can proceed regardless of whether trial is pending or the charges have been dismissed. Although probation revocation cannot be premised on a *charge* of violating a law, it can be premised on the proof of such a violation. The probationer is not entitled to a jury trial on the issue of the commission of the crime for probation revocation purposes, and the judge is, in essence, the trier of fact on this issue. The credibility of the probationer's testimony at the hearing is a proper element for the judge to consider. *Kartman v. Parratt*, 397 F.Supp. 531 (D.Neb.1975), aff'd 535 F.2d 450 (8th Cir. 1976); *Seymore v. Beto*, 383 F.2d 384 (5th Cir. 1967); *Amaya v. Beto*, 424 F.2d 363 (5th Cir. 1970); *U. S. v. Markovich*, 348 F.2d 238 (2d Cir. 1965); *U. S. v. Webster*, 161 U.S.App.D.C. 1, 492 F.2d 1048 (1974).

*U. S. v. Markovich, supra*, concerned a case where the probationer had allegedly violated a condition of probation which stated that probationer "shall not violate any State or Federal Penal Law." 348 F.2d 238, 239. Probationer in that case was arrested and charged with a state crime. He pled not guilty, but prior to his trial on the charge, the revocation hearing was held. The Court of Appeals for the Second Circuit sustained the judge's revocation of probation in spite of the fact that trial and conviction had not occurred prior to revocation. "Probation may be revoked when the judge is satisfied that a state or federal law has been violated, and conviction is not a prerequisite." *Id.* at 240.

Thus, it is clear that probation can be revoked for the violation of a condition of probation where the condition of probation violated is to "refrain from violation of any law" even though probationer has not previously been convicted of the crime which he allegedly committed prior to the hearing on or revocation of probation.

The court finds that the evidence shows beyond a reasonable doubt that the proba-

tioner, Leland A. Lewis, engaged in armed robbery and was in violation of the law. Mr. Lewis' probation is revoked.

So ordered.