PEOPLE v IRVING

Docket No. 46763. Submitted June 16, 1980, at Detroit.—Decided August 12, 1980.

Redell S. Irving was convicted, on his plea of guilty, of armed robbery in Recorder's Court of Detroit, Samuel C. Gardner, J., while on probation to the same court. The court advised the defendant prior to taking the plea that whatever term the judge would impose for probation violation would run concurrently with the sentence imposed for armed robbery. Subsequently, the defendant, represented by the same attorney, appeared before the same judge and entered a plea of guilty to probation violation based on his armed robbery conviction. In addition, the record reflects a notice of probation violation served upon the defendant and an acknowledgement of rights, signed by the defendant. The defendant appeals, alleging that he was not given reasonable notice of the probation violation nor advised of his right to a contested hearing thereon. *Held:*

1. The purpose of providing notice and opportunity for a hearing on a probation violation charge is to afford a defendant a reasonable opportunity to dispute with evidence the fact of a claimed violation. Such purpose and due process requirements are controlling whenever the fact of violation is or may be disputed by a defendant.

2. A written notice of probation violation document and acknowledged receipt of such notice are sufficient notice to a defendant of his right to a hearing on the probation violation.

Affirmed.

1. CRIMINAL LAW — PROBATION VIOLATION — NOTICE — HEARING.

The purpose of providing notice and opportunity for a hearing on a probation violation charge is to afford a defendant a reasonable opportunity to dispute with evidence the fact of a claimed violation; such purpose and due process requirements are con-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law § 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional parole, or probation. 29 ALR2d 1074.

trolling whenever the fact of violation is or may be disputed by a defendant.

2. CRIMINAL LAW — PROBATION VIOLATION — NOTICE — HEARING.

A written notice of probation violation document and acknowledged receipt of such notice are sufficient notice to a defendant of his right to a hearing on the probation violation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Paul G. Bruno,* Assistant Prosecuting Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Defendant appeals from an order revoking probation and imposing sentence.

Defendant claims he was not given reasonable notice of the probation violation charged nor advised of his right to a contested hearing thereon.

On August 23, 1977, defendant was convicted in Detroit Recorder's Court of attempted breaking and entering and was placed on two years probation. On May 23, 1979, while being represented by attorney Robert Elsey, defendant entered a plea of guilty before Recorder's Court Judge Samuel C. Gardner to two counts of armed robbery upon the following stated sentence agreement:

"I've advised your attorney that if you do plead guilty to the charges of robbery armed that the maximum penalty that I will give you would be a term of three to seven years in the state's prison. The prosecutor has indicated that he will not seek a supplemental criminal

* Circuit judge, sitting on the Court of Appeals by assignment.

warrant for being an habitual criminal if you do plead guilty, if that is applicable. And, in addition to that, in the case where you're on probation, *whatever term I would give you for violating that probation by pleading guilty would be less than the three to seven years. And, the terms would run together, or at the same time.* And, I would give you credit for any time that you have served in the county jail awaiting trial."

On May 25, 1979, defendant, represented by the same attorney, appeared before the same judge in probation violation proceedings and through his attorney entered a plea of guilty to probation violation based upon his May 23, 1979, guilty plea to two counts of armed robbery. Defendant was sentenced to three to five years in prison for the attempted breaking and entering following the revocation of probation.

The record discloses service upon defendant on May 25, 1979, of a notice of probation violation by proof of service and by an acknowledgment of rights admittedly signed by defendant.

Such notice contains the following language on its face:

"The probationer is entitled to a hearing on the charges contained in this violation notice."

Defendant's signature, conceded by appellate counsel at oral argument to be authentic, appears below the following statements contained on the reverse side of the notice of probation violation:

"I have received a copy of the notice of probation violation. I understand that I am entitled to an attorney if I was on probation for a felony conviction. I understand that I may request the Court to appoint an attorney for me if I cannot afford to hire a lawyer. I understand that I am not required to make a state-

ment. I understand that I may have a hearing before a judge on the charges contained in the notice of violation of probation and that I may present witnesses on my behalf."

Defendant was sentenced in conformity with the stated sentence bargain.

The purpose of providing notice and opportunity for a hearing on a probation violation charge is to afford a defendant a reasonable opportunity to dispute with evidence the fact of a claimed violation. Such purpose and due process requirements are controlling whenever the fact of violation is or may be disputed by defendant. To entertain a due process challenge on the facts of this case, however, would exalt form over substance.

Defendant's probation violation was established by his guilty plea convictions received two days earlier by the same judge and was part and parcel of a plea and sentence bargain encompassing the armed robbery convictions and the probation violation. To require that the trial court judge directly advise defendant on the record that he could have a probation violation hearing, the sole object of which would have been to permit defendant to repudiate the factual basis of the guilty plea convictions just received, constitutes a useless exercise in legal semantics. There could be no meaningful contest as to such convictions. See *People v Johnson,* 87 Mich App 544; 274 NW2d 68 (1978).

Defendant received the fruits of his plea and sentence bargain. Defendant's rights were not prejudiced by the procedure followed.

Furthermore, defendant received notice of his right to a hearing through the medium of the notice of probation violation document and acknowledged receipt of such notice over his signa-

ture. Similar notice of right to hearing procedures were sustained as sufficient on similar facts by other panels of this Court in *People v Darrell,* 72 Mich App 710; 250 NW2d 751 (1976), and *People v Hooks,* 89 Mich App 124; 279 NW2d 598 (1979).

On the facts and circumstances of this case we conclude that defendant's due process procedural rights were adequately safeguarded.

Affirmed.