# UNITED STATES

v.

**Russell J. DUPUIS, 460 78 3840, Seaman (E–3), U. S. Navy.**

**NCM 79 1621.**

U. S. Navy Court of Military Review.

Sentenced Adjudged 24 April 1979.

Decided 17 Dec. 1980.

CAPT S. Gaeta, Jr., JAGC, USN, Appellate Defense Counsel.

LCDR James P. Moore, JAGC, USNR–R, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before GREGORY, Senior Judge, and DONOVAN and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted pursuant to his pleas at a special court-martial bench trial of a 55-day unauthorized absence, six failures to go to his appointed place of duty, contempt toward a superior petty officer, and wrongful possession of marijuana, in violation of Articles 86, 91, and 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 891, and 892. He was acquitted of seven other specifications alleging offenses in violation of these Articles when the Government offered no evidence thereon in accordance with the pretrial agreement. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement at hard labor for 1 month, forfeiture of $275.00 per month for 3 months, and reduction to pay grade E–1 but probationally suspended the discharge and forfeitures in excess of $250.00 per month for 2 months. The officer exercising general court-martial jurisdiction approved the sentence as approved by the convening authority. Subsequently, in a supplemental action, another officer exercising general court-martial jurisdiction ordered the suspension of the discharge vacated.

The accused contends on appeal, among other things, that he was prejudiced by an unwarranted multiplication of charges at trial and by erroneous information in the report of vacation proceedings, that the vacation proceedings were defective, and that the evidence was insufficient to support vacation of the suspension of the discharge. We find that the accused was prejudiced by erroneous information contained in the report of vacation proceedings and that the proceedings were defective because conflicting evidence was not adequately evaluated. For these reasons additional proceedings are required, even though there may be sufficient evidence in the record to meet the requirement that the violation of probation be established by a preponderance of the evidence. We reject the other assignments of error.

### Multiplication of Charges

The accused will not be heard to complain at this level of an unreasonable multiplication of charges when the defense did not object at trial. In the absence of a miscarriage of justice, failure to object constitutes a waiver. See paragraph 67b, Manual for Courts-Martial, 1969 (Rev.).

### Erroneous Information in Report of Vacation Proceedings

The Report of Proceedings to Vacate Suspension (DD Form 455) indicates that the accused was convicted of seven

specifications of which he was in fact acquitted. The officer exercising special court-martial jurisdiction who conducted the vacation proceedings was probably not misled. He had signed the pretrial agreement which provided that the Government would not offer evidence on these specifications if the accused's pleas of guilty to the remaining specifications were accepted, and he had also reviewed the record of trial. We cannot say, however, that the officer exercising general court-martial jurisdiction was not misled or would have ordered vacation of the suspension of the bad-conduct discharge if he had known the accused had been acquitted of these seven offenses. He was not the officer who had taken the supervisory action on the record of trial. Appellate Government counsel argues that this officer was aware of the facts because he considered the court-martial order, which contained the correct information and which was attached to the report. The record before us reveals that a copy of the court-martial order was not attached to the report, but rather was forwarded under separate cover to the general court-martial authority. In his action vacating the suspension, that authority stated he had considered the report and certain statements. There is no indication that he was aware of the information in the court-martial order when he took his action. *Cf. United States v. Johnson*, 21 U.S.C.M.A. 270, 273, 45 C.M.R. 44, 47 (1972). Probation must not be revoked because of erroneous information or because of an erroneous evaluation of the need to revoke, given the breach of conditions of probation. *See Morrissey v. Brewer*, 408 U.S. 471, 484, 92 S.Ct. 2593, 2601, 33 L.Ed.2d 484 (1972). We conclude that the accused was prejudiced by consideration of the erroneous information by the general court-martial authority. The action ordering vacation of the suspension must be set aside.

### Evaluation of Conflicting Evidence

Citing *United States v. Ward*, 5 M.J. 685 (N.C.M.R.1978), the accused also contends that the vacation proceedings were defective because neither the decision maker (the officer exercising general court-martial jurisdiction) nor the hearing officer (the officer exercising special court-martial jurisdiction) made findings of fact.

The requirements for vacation proceedings are set forth in *United States v. Bingham*, 3 M.J. 119 (C.M.A.1977). In *Ward, supra*, we construed *Bingham* to require that the hearing officer provide an evaluation of any contested facts and a determination of whether the facts as found warrant revocation of the suspension. The Supreme Court requires such an evaluation and determination after a hearing which is the basis for revocation of parole. *Morrissey v. Brewer, supra*. In *Bingham*, the Court of Military Appeals found that constitutional due process requirements make the *Morrissey* standards, as tailored in *Bingham*, applicable to military proceedings to vacate suspended sentences in accordance with Article 72, UCMJ, 10 U.S.C. § 872.

■ In this case, although the facts were disputed at the hearing, the special court-martial authority provided no evaluation. The Government argues that no evaluation of findings of fact by the hearing officer is required because the general court-martial authority recited the evidence he considered by naming all the witnesses whose conflicting statements he considered and ordered vacation as a result of his finding that the accused used marijuana, the alleged violation of probation and fact in issue.[1] In *Ward*, although we said that the hearing officer must evaluate any contested facts and determine whether the facts found warrant revocation, we reversed because neither the hearing officer nor the decision maker did so. *Morrissey* requires that the revocation hearing lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. In effect, we held in *Ward* that *Bingham* imposes this requirement on military revocation proceedings. Although it is preferable that this be accomplished in the first instance by the

---

1. The names of two of the witnesses were garbled in the vacation order.

hearing officer (special court-martial authority) in order to facilitate review, we do not believe that his failure to do so is fatal if the decision maker (general court-martial authority) remedies the defect by making the necessary evaluation and findings of fact. We recognize that in *Ward* we ordered the case returned to the special court-martial authority. To the extent that *Ward* suggests this is the only remedy which may cure the defect, we decline to follow that case. *Morrissey* requires the evaluation and findings in order that the finding of a parole violation be based on verified facts and in order that the exercise of discretion in determining a need to revoke the parole be based on accurate information of the accused's behavior. This provides the basis for an appeal and an informed review. In our opinion, the *Morrissey* requirements as applied in *Bingham* and the policy underlying it are satisfied when the general court-martial authority makes the evaluation and finding.

 Turning to the general court-martial authority's action vacating the suspension in this case, we find that he did not satisfy the requirement for an evaluation of the conflicting evidence and a determination that the facts found warranted revocation by his mere recitation of the garbled names of the witnesses whose conflicting statements he considered and by his conclusion that the suspension of the bad-conduct discharge should be vacated because the accused used marijuana on the date alleged. He did not identify the evidence he accepted and rejected and explain why he accepted certain evidence and rejected other evidence. The statements of the witnesses are diametrically opposed. He cannot have accepted everything he considered. The defect requires that his action be set aside.

### Sufficiency of Evidence and Standard of Proof

In order to decide whether additional vacation proceedings may be authorized, we must address the accused's contention that the evidence was insufficient to warrant vacation of the suspension of the discharge. Citing Rules for the U.S. District Court for the District of Columbia 208(c)(4) and ABA STANDARDS, PROBATION § 5.4 (1970), appellate defense counsel urge us to adopt a preponderance of the evidence standard for determining whether the evidence is sufficient to warrant vacation of suspension. Appellate Government counsel, citing *Morrissey v. Brewer, supra,* replies that the standard should be whether there are reasonable grounds to believe that the accused committed an offense.

 The probable cause standard set forth in *Morrissey* is applicable to the first stage of revocation of parole proceedings at which a determination is made whether the parolee should be deprived of his liberty because he violated his parole. This determination, however, does not warrant revocation of parole. The hearing officer merely decides whether there is probable cause to hold the probationer for a final decision on revocation. Due process also requires a second stage of the parole revocation proceeding at which the parolee must be accorded a hearing prior to the final decision on whether to revoke parole.[2] The Supreme Court noted in *Morrissey* that the second or revocation hearing must be the basis for more than determining probable cause. *Morrissey v. Brewer, supra,* 408 U.S. at 488, 92 S.Ct. at 2603. The decision to revoke is not a mere determination of probable cause. *Gagnon v. Scarpelli,* 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973). The due process requirements set forth in *Morrissey,* as tailored in *Bingham,* are applicable to military vacation of suspension proceedings under Article 72, UCMJ. Therefore, we conclude that more than probable cause is required for revocation of probation. A revocation proceeding is not a criminal prosecution. Evidence may be considered that would not be admissible in an adversary criminal trial. *Morrissey, supra,* 408 U.S. at 489, 92 S.Ct. at 2604. Evidence establishing guilt beyond a rea-

---

2. One hearing suffices when the probationer is not ordered into confinement because of the alleged violation of probation. *United States v. Bingham, supra.*

sonable doubt is not required to revoke probation. *United States v. Francischine*, 512 F.2d 827, 829 (5th Cir. 1975), *cert. denied*, 423 U.S. 931, 96 S.Ct. 284, 46 L.Ed.2d 261 (1975); *United States v. Bonanno*, 452 F.Supp. 743, 746–47 (N.D.Cal.1978), *aff'd*, 595 F.2d 1229 (9th Cir. 1979). *But see United States v. Lewis*, 475 F.Supp. 156 (E.D. Mich.1979) (beyond a reasonable doubt standard utilized).

 The ABA STANDARDS, PROBATION § 5.4 (1970), provide that probation should not be revoked without establishing the violation by a preponderance of the evidence when the alleged violation of probation is contested. *But see United States v. Francischine* and *United States v. Bonanno*, both *supra* (probably evidence rising to the level of substantial evidence is not required if the evidence and facts are such as to reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation). The rationale underlying the ABA standard is that this procedural safeguard is essential to assure the integrity of the revocation proceeding as a truth-seeking inquiry. ABA STANDARDS, PROBATION, Commentary § 5.4(a). In *Morrissey*, the Supreme Court found that due process requires a hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion in determining the need to revoke parole be based on an accurate knowledge of the parolee's behavior. In our opinion this requires the use of no less than a preponderance of the evidence standard. Therefore, we hold that to revoke probation when the alleged violation of probation is contested the violation must be established by a preponderance of the evidence. In this case there is sufficient evidence to establish by a preponderance of the evidence that the accused committed the alleged violation of probation. Consequently, although the proceedings were defective for the reasons stated above, additional proceedings may be authorized.

Accordingly, the vacation of the suspension of the bad-conduct discharge is set aside. The findings of guilty as approved below and sentence as probationally suspended below are affirmed. The record is returned to the Judge Advocate General of the Navy for remand to the officer exercising general court-martial jurisdiction to determine whether further vacation proceedings are practicable. If further proceedings are considered appropriate, the general court-martial authority shall make an evaluation of the conflicting evidence, findings of fact, and a determination of whether the facts found warrant vacation of the suspension of the bad-conduct discharge. If such action is impractical at his level, he is free to require preliminary action by a special court-martial authority. If vacation is ordered, he shall set forth his reasons for his action together with the evidence relied upon. Then the record shall be returned to the Judge Advocate General for further review by this Court.

Senior Judge GREGORY and Judge DONOVAN concur.