PEOPLE v HUNTER

Docket No. 49556. Submitted April 8, 1981, at Detroit.—Decided June 4, 1981.

Robert B. Hunter, Jr., pled nolo contendere to receiving and concealing stolen property over the value of $100 and was placed on probation. Subsequently, he was charged with and was found guilty of probation violation, Detroit Recorder's Court, Leonard Townsend, J. He appeals, alleging that the trial court erred in revoking his probation for reasons not specified in the notice of violation. *Held:*

1. The probation violations charged in the notice to defendant clearly were established and far outweighed the grounds for revocation stated by the trial court. The statement of other grounds for revocation of probation did not result in a denial of due process.

2. Defendant received notice of the charged violations by other than written notice. Under the circumstances of the case, the failure to provide defendant with adequate written notice of the alleged probation violations did not constitute error requiring reversal.

Affirmed.

1. CRIMINAL LAW — PROBATION REVOCATION — NOTICE — DUE PROCESS.

Generally, a trial court's decision to revoke probation may be based only on the conduct charged in the notice of probation violation; however, where the conduct charged in the notice is clearly established and far outweighs other grounds for revocation stated by the court, the statement of additional grounds for revocation of probation does not result in a denial of due process.

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 567, 568.
[2] Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

2. CRIMINAL LAW — PROBATION REVOCATION — NOTICE — DUE PROCESS.

   Generally, written notice of alleged probation violations is a minimal requirement of due process; however, where a defendant receives actual notice of a charged violation of the terms and conditions of his probation by other means, the violation constitutes a felony to which the defendant pleads guilty, the defendant does not require any additional information regarding the claimed violation at the revocation hearing, and the defendant expressly states during the hearing that he is ready to proceed, failure to provide the defendant with adequate written notice does not constitute error requiring reversal.

3. CRIMINAL LAW — PROBATION REVOCATION — ARREST.

   An arrest, standing alone, does not indicate wrongdoing per se, nor does it justify revocation of probation.

4. CRIMINAL LAW — PROBATION REVOCATION — NOTICE.

   A notice of probation violation need not be as specific as an indictment or information, but it should allege facts sufficient to give notice of the claimed violation which, if proved, would constitute a violation of the terms and conditions of the probation, *i.e.,* the specific conditions violated as well as the date and events supporting the charge.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and D. E. HOLBROOK, JR., JJ.

J. H. GILLIS, J. On July 19, 1978, defendant tendered a plea of nolo contendere to a charge of receiving and concealing stolen property over the value of $100. MCL 750.535; MSA 28.803. He was placed on three years probation with the last six months to be served in the Detroit House of Cor-

rection. The conditions of defendant's probation expressly prohibited violation of any state or federal criminal law and, for two years, the driving of an automobile.

On November 29, 1979, a warrant for violation of probation was issued, and defendant was arraigned on that warrant. The notice of probation violation charged that:

"On 10/17/79 the defendant was arrested on the charges of Assault With Intent to do Great Bodily Harm and P.O.F.I.C.O.F. [possession of a firearm during the commission of a felony] 79-7418."

A hearing on the charges was conducted on December 6, 1979. The complaining witness testified that she was waiting for a bus on the day of the incident when defendant approached in an automobile and tried to pick her up. She refused his offer of a ride and boarded her bus. However, when she got off the bus and walked toward her school she was again approached by defendant, who grabbed her and attempted to drag her to his car. The complainant struggled, and defendant pulled out a gun, hit her in the head a couple of times, and then shot her. When the complainant followed after defendant to get the license number of his car she was shot again. The complainant testified that she was released from the hospital after four or five days.

Following the testimony, the prosecutor noted that defendant was in violation of his probation simply by driving the automobile. The trial court then observed that defendant violated his probation by driving with a gun in the car. The court also concluded that the shooting itself was not the accident that defense counsel made it out to be

and found the defendant guilty of violating the terms of his probation.[1]

On appeal, defendant contends that his probation was revoked for reasons not specified in the notice of violation. Generally, a trial court's decision to revoke probation may be based only on the conduct charged in the notice of probation violation. *People v Givens*, 82 Mich App 336, 341; 266 NW2d 815 (1978), *People v Elbert*, 21 Mich App 677, 681; 176 NW2d 467 (1970). However, where the conduct charged in the notice is clearly established and far outweighs the other grounds for revocation stated by the judge, the statement of the other grounds for revocation of probation is not an error resulting in a denial of due process. *People v McDonald*, 97 Mich App 425, 429; 296 NW2d 53 (1980). At the hearing below, it was clearly established that defendant assaulted the complainant with intent to do great bodily harm and that he possessed a firearm during the commission of that act. Further, that conduct far outweighed the fact that defendant was driving an automobile and had concealed a weapon within that vehicle. Therefore, it is unnecessary to con-

---

[1] "*Mr. Roberts [Prosecuting Attorney]*: Nothing further. I'd like to have the record reflect that 79-01222, one of the conditions of probation was no driving. We've had testimony that man was driving. I think the court should be aware of that.

"*The Court*: Do you have any other witnesses?

"*Mr. Roberts*: Nothing further.

* * *

"*The Court*: Mr. Rice, part of the terms of probation was that Mr. Hunter should not violate any of the laws of Michigan and even if this were an accident, he was driving in the car with a gun. That in itself is a violation of probation. There is no indication to me this was an accident. In fact, it is very strange to me why the charge is assault to do great bodily harm. I am going to recommend a new warrant for the proper charge because the witness testified there was a second shot fired at her. So I have no question at this time that probation has been violated. So I find Mr. Hunter guilty of probation violation. He did commit a felony while on probation."

sider the remarks of the prosecutor and trial court regarding other grounds for revocation as error requiring reversal. *Id.*

Nonetheless, we are disturbed by the manner of notice defendant actually did receive. In pertinent part, MCL 771.4; MSA 28.1134 reads:

"Provided however, That the probationer shall be entitled to a written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon."

Even absent such a statutory mandate, written notice of the claimed violations is a minimal requirement of due process. *Gagnon v Scarpelli,* 411 US 778, 782; 93 S Ct 1756; 36 L Ed 2d 656 (1973), *Morrissey v Brewer,* 408 US 471, 486-489; 92 S Ct 2593; 33 L Ed 2d 484 (1972). The purpose of the notice requirement is to provide a defendant a reasonable opportunity to dispute, with evidence, the claimed violation. Insufficient or incomplete notice deprives a defendant of the ability to adequately prepare a defense. *Cf., People v Irving,* 99 Mich App 367, 370; 297 NW2d 668 (1980), *Givens, supra.*

The notice below quite literally charged defendant with violating the terms of his probation by *being arrested* for assault with intent to do great bodily harm and "P.O.F.I.C.O.F."[2] The conditions of defendant's probation, while requiring that he not violate any criminal laws, did not prohibit him, nor could they prohibit him, from being arrested. The notion that a person is presumed innocent until proven otherwise is basic to our

---

[2] This is apparently an abbreviation of possession of a firearm while in commission or attempted commission of a felony. MCL 750.227b; MSA 28.424(2).

system of criminal justice,[3] and an arrest, standing alone, does not per se indicate wrongdoing or justify revocation. See *Hines v State,* 358 So 2d 183, 185 (Fla, 1978).

Even if the notice were interpreted as charging defendant with the *commission* of the two offenses, it nevertheless did not serve to apprise him of that conduct which violated the conditions of his probation. Although a notice of probation violation need not be as specific as an indictment or information, *Hines, supra,* it should allege facts sufficient to give written notice of the claimed violation which, if proved, would constitute a violation of the probation terms and conditions. *Crum v State,* 286 So 2d 268 (Fla Dist Ct App, 1973). Thus, the allegations should indicate the specific probation conditions violated, as well as the dates and events supporting the charges. *Kartman v Parratt,* 397 F Supp 531, 534 (D Neb, 1975). In the instant case, for example, the notice of probation violation might have provided:

The probation department now charges that the probationer has violated the terms of probation as follows:

(1) On October 17, 1979, on McGraw at Seacot Streets in Detroit, the probationer violated a state criminal law by committing an assault on one

---

[3] Due process, as guaranteed by the Fourteenth Amendment, requires proof of guilt beyond a reasonable doubt to support any criminal conviction. *In re Winship,* 397 US 358; 90 S Ct 1068; 25 L Ed 2d 368 (1970). Concededly, a probation-revocation hearing is not governed by the same standards of proof and evidentiary rules as a criminal trial. *Morrissey v Brewer,* 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972), *Gagnon v Scarpelli,* 411 US 778; 93 S Ct 1756; 36 L Ed 2d 656 (1973). Nonetheless, revocation based solely on the fact of an arrest is abhorrent to the concept of due process. The conditional liberty of a probationer is of value not merely to that individual but to society itself through its stake in returning him to a normal and useful existence. Revocation for arrest alone invites arbitrary revocation, the very possibility of which diminishes the likelihood of rehabilitation. *Id.*

Darlene Fayson with the intent to do great bodily harm, in contravention of MCL 750.84; MSA 28.279.

(2) The probationer further violated the state criminal law at the above time and location by committing the assault while in possession of a firearm, in contravention of MCL 750.227b; MSA 28.424(2).

Generally, proper written notice is a prerequisite to valid probation revocation. *People v Wood,* 2 Mich App 342; 139 NW2d 895 (1966). However, here it appears that defendant received actual notice of the charged violations by other means. An information had already been issued charging defendant with the two offenses. In fact, on the same day as defendant's revocation hearing, he pled guilty to those charges. At the hearing, neither defendant nor counsel requested additional information regarding the claimed violations. Defense counsel expressly stated that he and defendant were prepared to proceed. In light of these circumstances, the failure to provide defendant with adequate written notice of the alleged probation violations was not error requiring reversal. *Irving, supra, In re Cobos,* 326 Mich 537; 40 NW2d 717 (1950), see also *People v Melson,* 19 Ill App 3d 438; 311 NE2d 763 (1974), *People v Burrows,* 18 Ill App 3d 1046; 310 NE2d 478 (1974).

Affirmed.