490 A.2d 734

John D. JOHNSON

v.

STATE of Maryland.

No. 1026, Sept. Term, 1984.

Court of Special Appeals of Maryland.

April 11, 1985.

George E. Burns, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellant.

David Yuan Li, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore City, and Kevin B. Kameretz, Asst. State's Atty. for Baltimore City, Baltimore, on the brief), for appellee.

Submitted before GILBERT, C.J., and WILNER and ROBERT M. BELL, JJ.

WILNER, Judge.

On March 4, 1981, appellant appeared before the Criminal Court of Baltimore (now the Circuit Court for Baltimore City) and was found guilty of battery and trespassing. The court sentenced appellant to six months incarceration, suspended the sentence, and placed appellant on probation for one year.

On June 11, 1981, a violation of probation warrant was issued for appellant. On September 21, 1982, appellant appeared before the court on the violation of probation charge. After a hearing, the court revoked the probation,

"reimposed" the original sentence, again suspended that sentence, and placed appellant on probation for one year.

On September 19, 1983—two days shy of the end of his probation period—a warrant was issued for appellant charging him with violating the conditions of his probation. Specifically, appellant was charged with having

"violated Rule # [4] The subject was arrested on 6/3/83 on a Possession of Marijuana charge, and arrested again on a Failure to Appear charge on 8/3/83. Rule # 7 Failed to appear in court on 8/3/83. Rule # 10 To pay court costs of $245.00 plus today['s] court costs of $105.00 totalling $350.00. The subject presently owes $96.30."

Appellant reappeared before the court on April 24, 1984 for a hearing to determine whether he violated his probation. The only person to testify was appellant's probation officer, who offered the following basis for violating appellant's probation:

"Okay. I charged Mr. Johnson with Rule No. 4, obey all rules. The subject was arrested on June 3, 1983, on a possession of marijuana charge, and he was arrested again on 8/3/83 on a failure to appear charge. Rule No. 7, appear in court when notified to do so. The subject failed to appear in court on 8/3/83.

At the time when the report was made, I also charged him with Rule No. 10, because he had owed 96.30 on his case, which he has since then paid.

Q    Okay. Has he had any problems since that period?

A    I received a call in December from the Investigative Unit stating that he had been arrested in December, I think, on another possession of marijuana charge.

Q    Has he been convicted of that, do you know?

A.    Not that I know of."

That was the full extent of the evidence against appellant.

The court, without stating its reasons, found that appellant had violated the conditions of his probation and ordered execution of appellant's original six-month sentence.

On appeal, appellant argues that there was no basis for finding him in violation of his probation.

The decision whether to grant or revoke probation is a matter committed to the sound discretion of the sentencing court. An abuse of that discretion will be found "only if the trial court has erroneously construed the conditions of probation, ... has made factual findings that are clearly erroneous, ... or has acted arbitrarily or capriciously in revoking probation." *Herold v. State,* 52 Md.App. 295, 303, 449 A.2d 429 (1982).

As the lower court did not state its reasons for revoking appellant's probation, we must consider each of the violations alleged by the agent to determine whether there was any basis for the court's ultimate ruling.

### Rule #4—Obey All Rules

The sole basis of this claimed violation was appellant's alleged arrest on June 3, 1983, for possession of marijuana and his alleged arrest on August 3, 1983, for failure to appear in court.

In *Dean v. State,* 291 Md. 198, 434 A.2d 552 (1981), the Court of Appeals summarized the law applicable to probation revocation:

"A probationer is entitled to retain his liberty as long as he substantially abides by the conditions of his probation. Probation may not be revoked unless the probationer has in fact acted in violation of one or more conditions of his probation. Generally, before probation may be revoked, the State must prove that the probationer has not complied with one or more lawful conditions of probation.... The procedural protections afforded a probationer at a revocation of probation hearing are not equivalent to those accorded at a criminal trial. Formal procedures and the rules of evidence are not employed. Finally, before probation may be revoked, the trial court need only be reasonably satisfied that there was, in fact, a violation of probation...."

Under these principles, it is not necessary that a conviction precede a determination that the probationer has violated a condition of probation requiring him to obey all laws. *If it is shown by independent, probative evidence that the probationer has committed a crime subsequent to his probation and the trial court is reasonably satisfied by that evidence that the probationer committed the crime,* probation may be revoked on the ground that the probationer violated the special condition of his probation that he obey all laws." (Emphasis added; citations omitted.)

*Id.* at 202–203, 434 A.2d 552; *see also Horsey v. State,* 56 Md.App. 667, 468 A.2d 684 (1983).

■■■ *Dean* is really the benchmark for what is required. There must be "independent, probative evidence that the probationer has committed a crime...." A judgment of conviction, absent a jurisdictional defect, certainly suffices as such evidence. A mere arrest, however, does not. Proof of an arrest, standing alone, indicates no more than that the defendant has been formally accused. As noted in *People v. Hunter,* 106 Mich.App. 821, 308 N.W.2d 694, 697 (1981), "[t]he notion that a person is presumed innocent until proven otherwise is basic to our system of criminal justice, and an arrest, standing alone, does not *per se* indicate wrongdoing or justify revocation." It indicates, said the Louisiana court in *State v. Harris,* 368 So.2d 1066, 1071 (1979), "only that a crime may be charged, not that a crime has been committed." *See also United States v. Webster,* 492 F.2d 1048 (D.C.C.A.1974); *United States v. Lewis,* 475 F.Supp. 156 (E.D.Mich.1979); *United States ex rel Spero v. Wenzel,* 397 F.Supp. 597 (E.D.N.Y.1975); *Free v. State,* 392 So.2d 857 (Ala.Cr.App.1980); *Smith v. State,* 445 So.2d 573 (Ala.Cr.App.1984); *Hines v. State,* 358 So.2d 183 (Fla.1978); *Brown v. State,* 338 So.2d 573 (Fla.App.1976); *Jones v. State,* 348 So.2d 942 (Fla.App.1977); *Mclain v. State,* 343 So.2d 939 (Fla.App.1977); *Hoffa v. State,* 267 Ind. 133, 368 N.E.2d 250 (1977); *State in Interest of Wright,* 387 So.2d 75 (La.App.1980); *People v. Buckner,* 103 Mich.App. 301,

302 N.W.2d 848 (1980); *State v. Serio,* 168 N.J.Super. 394, 403 A.2d 49 (1979); *Commonwealth v. Warren,* 250 Pa.Super. 522, 378 A.2d 1271 (1977); *People v. Amaro,* 79 Misc.2d 499, 358 N.Y.S.2d 900 (1974); *Commonwealth of Pa. v. Spinozzi,* 236 Pa.Super. 32, 345 A.2d 181 (1975); *Wester v. State,* 542 S.W.2d 403 (Tex.Cr.App.1976).

■ In the absence of proper proof of a conviction, it is incumbent upon the State to show, by competent evidence, that the probationer did, indeed, commit the criminal acts offered as the basis for the requested revocation. The revocation hearing is not the equivalent of a criminal trial, of course, and the fact need not be proved beyond a reasonable doubt, but there must be some "independent, probative evidence" to show that the probationer did what the State claims he did. Something more than the fact that he or she was arrested is required.

### Rule #7—Appear In Court

■ Appellant's alleged failure to appear in court on August 3, 1983, also formed the basis of the agent's charge under Rule 7, which, we are advised, obligated appellant to appear when required.[1] The sole support for that charge consisted of the probation agent's statement, "The subject failed to appear in court on 8/3/83." The agent did not indicate where appellant was to appear or why he was to appear.

A careful review of the record indicates two important things: first, the probation agent clearly was mistaken as to the date on which appellant was to appear; and second, appellant had a good excuse for not appearing on the date he was, in fact, supposed to appear—he was in jail at the time.

The record shows that appellant was first charged with violating his probation on June 11, 1981. A warrant issued that day was returned July 21, 1982—thirteen months la-

---

1. The actual order for probation is not in the record before us.

ter—with a notation that appellant was in jail. That matter was eventually heard on September 21, 1982, and, as noted earlier in this Opinion, the court, in effect, continued his probation until September, 1983. On December 9, 1982, a "Notice of Violation of Probation" was issued, although, unlike the earlier proceeding, there is no indication that a warrant was issued or that the notice was served on appellant. The hearing on the alleged violation was twice postponed and was eventually set for February 17, 1983. The docket entry for that day states, "Violation of Probation Hearing: Defendant failure to appeal [*sic*]—Bench Warrant do issued [*sic*]. Bail set at None." At the circuit court hearing in this case, counsel asserted, without contradiction by the State, that appellant failed to appear in court that day because he was in jail.[2]

Nothing more happened until September 19, 1983, when the Violation of Probation warrant triggering this proceeding was issued. It was in that warrant that appellant was charged with failing to appear in court on August 3, 1983. Interestingly, that warrant also was returned with the notation that appellant was in jail.

What we have then is not only the absence of any support for the agent's bald accusation that appellant "failed to appear in court on 8/3/83," but a rather clear indication that no court appearance was required at that time. If there was a "failure to appear," it occurred on February 17, 1983, and is accounted for by the fact that appellant was then in jail. Upon this record, we find insufficient evidence to sustain the alleged violation of Rule # 7.

---

2. The probation agent testified that on February 22, 1982—prior to the September, 1982, hearing at which the court elected to continue appellant's probation—appellant was convicted of some other offense for which he was sentenced to four years in jail. That testimony was stricken upon appellant's objection, presumably on the basis that that conviction was not alleged in the instant warrant. It would, however, tend to support counsel's assertion that appellant was indeed incarcerated on February 17, 1983.

*Rule # 10—Pay Court Costs*

■ Appellant's probation officer testified that at the time the instant warrant was issued, appellant owed $96.30. It was conceded at the hearing, however, that appellant had since paid that sum in full and thus had complied with that condition of his probation. To revoke appellant's probation for failure to pay costs, therefore, would have been an abuse of discretion.

In summary, it is apparent that the State failed to adduce evidence sufficient to show that appellant did not comply with the conditions of his probation. The facts, it would seem, were there, and had the State prepared its case in a proper manner, they likely could have been established. But that is not the point; the court can only act upon what is actually presented to it, not what might have been presented had the party or its counsel been more diligent. Upon this record, we conclude that the trial court erred in revoking appellant's probation.

JUDGMENT REVERSED; COSTS TO BE PAID BY MAYOR AND CITY COUNCIL OF BALTIMORE.