UNITED STATES of America,
Plaintiff–Appellee,

v.

Melvin Casimera MORGAN,
Defendant–Appellant.

No. 00–10504.

D.C. CR–99–00726–RCC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 2001.

Decided July 11, 2001.

Before SCHROEDER, LAY,\* and
THOMPSON, Circuit Judges.

MEMORANDUM \*\*

Melvin Casimera Morgan appeals the district court's revocation of his probation. He contends (1) the district court violated Fed.R.Crim.P. 32.1 by failing to give notice of and hold a prompt preliminary hearing; (2) the district court erred by refusing to dismiss the revocation petition for containing duplicitous allegations; and (3) the district court's admission into evidence of Morgan's probation file denied him his right to confront adverse witnesses.

■ The district court did not err by failing to hold a preliminary hearing because the August 8, 2000 hearing before the magistrate judge satisfied the requirements of Rule 32.1. At this hearing, Morgan was represented by counsel, who indicated he and Morgan had reviewed the revocation petition. Morgan did not attempt to present any evidence on his own behalf, nor did he object to the government's failure to present any at that time. By setting a final revocation hearing, the magistrate judge implicitly determined

---

\* Honorable Donald Lay, Circuit Judge, Eighth Circuit Court of Appeals, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

probable cause existed to hold Morgan for that hearing. Additionally, Morgan has failed to demonstrate any prejudice relating to the allegedly defective preliminary hearing. *See Standlee v. Rhay,* 557 F.2d 1303, 1307–08 (9th Cir.1977) (explaining that parolee must show that the absence of a particular procedural safeguard was so prejudicial as to constitute a denial of due process).

Nor did the district court err by refusing to dismiss the revocation petition for containing duplicitous allegations. The petition explicitly and thoroughly described the violations, and gave Morgan sufficient notice of the charges against him. *See Kartman v. Parratt,* 397 F.Supp. 531, 534 (D.Neb.1975) ("[A]llegations in a motion to revoke probation ... must be sufficient to apprise the probationer of the conditions of his probation which he is alleged to have violated, as well as the dates and events which support the charge.") (cited with approval in Fed.R.Crim.P. 32.1, 1979 advisory committee notes).

■ The final issue is whether the district court's reliance on the hearsay evidence contained in the probation file deprived Morgan of due process. *See United States v. Martin,* 984 F.2d 308, 310 (9th Cir.1993) (probationer must receive a "fair and meaningful opportunity to refute or impeach the evidence against him" to ensure that any revocation is based on verified facts). We hold that it did.

The district court erred by failing to balance Morgan's right to confrontation against the government's good cause for denying it. *United States v. Comito,* 177 F.3d 1166, 1171 (9th Cir.1999). However, we can apply that balancing test. *Id.* In doing so, we weigh "the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by the hearsay evidence," *Id.,* against the difficulty and expense of procuring live witnesses as well as the traditional indicia of reliability borne by the evidence. *See id.* at 1172; *United States v. Simmons,* 812 F.2d 561, 564 (9th Cir. 1987). Having performed the balancing test, we conclude Morgan was erroneously denied his right to confrontation and that the error was not harmless beyond a reasonable doubt. *See Comito,* 177 F.3d at 1170.

The probation officer's notations concerning Morgan's alleged change of residence and employment did not bear an indicia of reliability sufficient to outweigh Morgan's interest in confrontation. Although the drug counselor's notes may have been sufficiently reliable, the district court did not rely on those notes to the exclusion of the probation officer's notes. Accordingly, the district court's order revoking probation is vacated.

Revocation of probation VACATED. Case REMANDED to the district court.