468 A.2d 684

**Ricardo V. HORSEY**

v.

**STATE of Maryland.**

**No. 264, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Dec. 15, 1983.

668

Gary S. Offutt, Asst. Public Defender, with whom was Alan H. Murrell, Public Defender of Md. on brief, for appellant.

Richard B. Rosenblatt, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen. of Md., Sandra O'Connor, State's Atty. for Baltimore County and Douglas Pfeiffer, Asst. State's Atty. for Baltimore County on brief, for appellee.

Argued before MOYLAN, WILNER and GETTY, JJ.

GETTY, Judge.

On February 23, 1982, Ricardo V. Horsey, appellant herein, appeared before the Circuit Court for Baltimore County and entered a plea of guilty to a charge of theft. Judge J. William Hinkel sentenced appellant to eighteen months imprisonment, suspended the sentence and placed appellant on probation for a period of three years. One of the conditions of probation provided that appellant was to "obey all laws."

In October, 1982, appellant appeared for the second time before the Circuit Court for Baltimore County. He was charged with the crime of theft which occurred on June 19, 1982. The case was submitted to Judge William Buchanan upon an agreed statement of facts. The disposition was probation before judgment under Article 27, sec. 641; the period of probation was two years.

Appellant reappeared before Judge Hinkel on February 17, 1983, charged with violating the terms of probation imposed by the court at the February, 1982, hearing. Specifically, appellant was charged with failing to "obey all laws." The basis of the charge was appellant's appearance before Judge Buchanan for the theft that occurred while

appellant was under probation. Judge Hinkel found appellant guilty of violating his probation and sentenced him to serve the remaining fifteen months of his original eighteen month sentence. This appeal followed.

Appellant contends that a disposition resulting in a probationer receiving probation before judgment, on a separate criminal charge, does not provide an adequate basis for the revocation of probation and reimposition of the original sentence. The issue raised is one of first impression.

Article 27, sec. 641 of the Maryland Code provides: "(a) Probation after plea or finding of guilt; power of court to provide terms and conditions; waiver of right to appeal from judgment of guilt.—(1)(i) Whenever a person accused of a crime pleads guilty or nolo contendere or is found guilty of an offense, a court exercising criminal jurisdiction, if satisfied that the best interests of the person and the welfare of the people of the State would be served thereby, and with the written consent of the person after determination of guilt or acceptance of a nolo contendere plea, may stay the entering of judgment, defer further proceedings, and place the person on probation subject to reasonable terms and conditions as appropriate

. . .

\*       \*       \*       \*       \*       \*

(3) By consenting to and receiving a stay of entering of the judgment as provided by this subsection, the person waives the right to appeal from the judgment of guilt by the court at any time. Prior to the person consenting to the stay of entering to the judgment, the court shall notify the person that by consenting to and receiving a stay of entry of judgment, the person waives the right to appeal from the judgment of guilt by the court at any time.

\*       \*       \*       \*       \*       \*

(c) Fulfillment of terms of probation.—Upon fulfillment of the terms and conditions of probation, the court shall discharge the person from probation. The discharge is

final disposition of the matter. Discharge of a person under this section shall be without judgment of conviction and is not a conviction for purposes of any disqualification or disability imposed by law because of conviction of crime."

Appellant acknowledges that revocation of probation for failure to "obey all laws" may be predicated upon proof of conviction of a crime, or by presenting actual evidence of engaging in criminal conduct. He alleges, however, that the granting of probation under Article 27, sec. 641, does not fall into either category. From our review of the appellate decisions involving revocation of probation, we find no support for appellant's argument.

In *Scott v. State,* 238 Md. 265, 208 A.2d 575 (1965) the Court of Appeals (Hammond, C.J.) thoroughly explored what is required as a predicate for revocation of probation. Scott was on probation after a conviction for robbery. During his probation he was charged with assault with intent to rape an elderly woman. The jury acquitted Scott. The trial judge (Harris, J.) presiding at the attempted rape hearing had granted Scott probation for the earlier robbery charge. Despite the acquittal,[1] the trial judge determined that Scott had violated a condition of his probation that required him to "conduct himself in a law abiding manner" and, after a hearing, revoked his probation.

The Court of Appeals upheld the revocation of Scott's probation stating, in part:

"Probation is a matter of grace, which aside from being an act of clemency extended to one who has committed a crime, is in substance and effect a bargain made by the people, through legislation and the courts, with the malefactor that he may be free as long as he conducts himself in a manner consonant with established communal standards and the safety of society. . . .

---

1. The jury was not permitted to hear certain inculpatory evidence based upon evidentiary rulings made by the court.

The facts presented to or coming to the knowledge of the judge as to the breach of the conditions of probation need not establish guilt beyond a reasonable doubt as in criminal offenses; all that is required is that the facts before him be such that the judge reasonably could be satisfied that the conduct of the probationer has not been what he agreed it would be if he were given liberty."

*Accord, Dean v. State,* 291 Md. 198, 434 A.2d 552 (1981);[2] *Marshall v. Commonwealth,* 202 Va. 217, 116 S.E.2d 270 (1960). More recently, a divided court upheld a revocation of probation based upon a conviction that is pending on appeal. *See Hutchinson v. State,* 292 Md. 367, 438 A.2d 1335 (1982) and cases cited therein.

We have reviewed the case law relating to revocation of probation to establish the framework in which appellant's contentions are to be considered.

The flaw in appellant's argument is his reliance on the *disposition* of the second case rather than upon the underlying factual determination involved. The basis for allowing the use of a conviction pending appeal for purposes of revocation of probation is that a factual determination has been made as to the commission of an offense beyond a reasonable doubt in an adversary proceeding. Such a factual determination is likewise required prior to a sec. 641 disposition, i.e.,

"(a) Probation after plea or finding of guilt; ... (1)(i) Whenever a person accused of a crime pleads guilty or nolo contendere, or is found guilty of an offense, a court ... after determination of guilt or acceptance of a nolo

---

2. *Dean* recognizes that independent probative evidence may warrant revocation of probation. Our decision upholding the revocation was reversed by the Court of Appeals for the reason that the trial court relied in part upon a conviction for kidnapping that was later reversed. The trial court had stated that having heard the facts on which the conviction was based, he could then draw a conclusion as to whether he believed that a violation occurred. Arguably, the trial court did not rely upon the conviction. We note that Judge Smith dissented in *Dean.*

contendere plea, may stay the entering of judgment . . . and place the person on probation. . . ."

Thus, the same reasoning that permits revocation upon proof of a conviction would permit revocation upon a showing of guilt prior to a sec. 641 disposition.

Appellant's suggestion that the sec. 641 disposition may have resulted from the entry of a *nolo contendere plea* and, thereby, amount to a failure to prove the crime, is without merit. We point out that the determination of guilt was based upon an agreed statement of facts. Additionally, appellant's reliance on Md.Rule 731(d)(2) is not dispositive of the issue. The rule authorizes a court, on a nolo contendere plea, to impose sentence without finding a verdict of guilty. We repeat, revocation of probation is permissible in instances of engaging in criminal conduct *or* upon conviction of a crime. Obviously, the statement of facts was sufficient to warrant a guilty verdict, otherwise the court could not have made a sec. 641 disposition. Appellant's counsel suggests that Judge Hinkel did not know whether appellant entered a *nolo* plea or a *guilty* plea. It makes no difference and, furthermore, counsel raising the question represented appellant in the second theft case. If such a plea was entered and counsel considered the plea to be critical to the revocation proceeding, that information could have been conveyed to the court during the revocation hearing.

We agree with appellant's conclusion that the purpose of granting probation before judgment is an act of clemency designed to permit the transgressor to remain free from imprisonment, if his future conduct is consistent with community standards. His reward, upon successful completion of the probationary period, is a discharge without judgment of conviction. We are not aware of any authority that suggests that probation before judgment controls the disposition of other cases in which a defendant may be involved either before or after the probation before judgment disposition.

**674**

■ The commission of a crime while on probation constitutes two wrongs, each of which may be deserving of punishment. *People v. Espinoza,* 99 Cal.App.3d 59, 159 Cal.Rptr. 894 (1979); *State v. Bullock,* 589 P.2d 777 (Utah 1979).

■ Subsequent to the probation granted in the first theft case, and continuing through the probationary three year period, Judge Hinkel had a continuing jurisdiction to conduct hearings and make any changes in the original disposition warranted by appellant's conduct. Exemplary behavior may, upon petition, have resulted in an early dismissal from probation; criminal activity could, and did, result in a revocation of probation and incarceration. Clearly, the granting of probation before judgment for a later theft did not divest the trial judge in the first case of jurisdiction to take whatever action he deemed necessary when appellant's violation of the terms of probation was presented to the court.

■ We consider the term "obey all laws" to be the equivalent of "good behavior." In cases where probation is granted most jurisdictions interpret the condition to mean law abiding behavior; behavior not inconsistent with the provisions of the criminal law. *See* 58 A.L.R.3d 1156 at 1162 and cases cited therein.

■ The common law rule on the quantum of proof necessary to show a failure of good behavior is that proof of conviction for crime is not required and any evidence sufficient to reasonably satisfy the trial court that the actor has committed a crime is adequate to sustain an order revoking a suspension for failure of good behavior. *State v. Millner,* 240 N.C. 602, 83 S.E.2d 546 (1954); *Re Weber,* 75 Ohio App. 206, 61 N.E.2d 502 (1945); *Young v. Page,* 495 P.2d 1286 (Okl.1972); *Marshall v. Commonwealth, supra.* The courts in these cases have affirmed the revocation orders on the grounds that the actors failed to show an abuse of discretion in the proceedings below. By implication, therefore, the jurisdictions cited support the rule that failure of good behavior may be shown by any evidence reasonably tending

to prove commission of a criminal act. A careful reading of *Scott, supra,* indicates that the Court of Appeals addressed the issues raised therein in the context of whether the trial judge's ruling constituted an abuse of discretion. *Accord, Swan v. State,* 200 Md. 420, 90 A.2d 690 (1952).

We find no abuse of discretion in Judge Hinkel's order revoking appellant's probation based upon proof that appellant, while on probation, appeared in another court upon a charge of theft and submitted the case upon an agreed statement of facts that resulted in a disposition of probation before judgment for a period of two years.[3] The facts were sufficient for the court reasonably to conclude that appellant had failed to "obey all laws" as required by the terms of his original probation. *Scott, supra.*

JUDGMENT AFFIRMED.

Costs to be Paid by Appellant.

---

3. The agreed statement of facts was not made a part of the record.