*Eric Demond Hinton v. State of Maryland*, No. 637, September Term 2020. Opinion by Woodward, J.

**EVIDENCE – *NOLO CONTENDERE* PLEAS – ADMISSIBILITY OF EVIDENCE FROM A *NOLO CONTENDERE* PLEA PROCEEDING AT A SUBSEQUENT VIOLATION OF PROBATION HEARING**

In 2012, Eric Demond Hinton, appellant, was convicted of various charges related to armed robbery, assault, and burglary after a jury trial in the Circuit Court for Montgomery County. The court sentenced appellant to a total of eighteen years of incarceration, with all but six years suspended, and a period of five years of supervised probation. In 2014, the court reconsidered its sentence and sentenced appellant to a total of seventeen years of incarceration, with all but five years suspended, and the same five years of supervised probation. Appellant was released from incarceration in 2015 and began his five years of supervised probation.

In 2018, while still serving his five-year term of probation, appellant was arrested in Prince George's County for illegal possession of a firearm and related charges. In 2019, appellant appeared before the Circuit Court for Prince George's County and advised the court of a plea agreement with the State in which he would plead *nolo contendere* to an amended charge of illegal possession of a regulated firearm in exchange for a sentence of three years of incarceration, with all time of incarceration suspended except for time served, and two years of supervised probation. At the plea hearing, the State proffered the evidence that it would have presented had the case gone to trial, and appellant's counsel agreed that the proffer would be the State's case.

Thereafter, appellant was arrested on a bench warrant issued by the Circuit Court for Montgomery County for violating the conditions of appellant's probation that required him to obey all laws and to receive permission before possessing a firearm. At the violation of probation hearing, the State moved two exhibits into evidence—a certified copy of the docket entries from the Prince George's County case, and a transcript of the hearing in which appellant entered a *nolo contendere* plea. The Circuit Court for Montgomery County found appellant in violation of probation and sentenced him to six years of incarceration, with credit of 492 days for time served. Appellant noted a timely appeal.

**Held:** Affirmed.

On appeal, the Appellate Court of Maryland first discussed the law governing violations of probation. According to the Court, a violation of probation hearing involves two stages: (1) a retrospective factual question of whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority of whether a violation of a condition warrants revocation of probation. The Court explained that in the first stage, the State has both the burden of production, which is to come forward with

evidence to support a violation, and the burden of persuasion, and the burden of persuasion is satisfied by a trial judge finding the essential facts comprising a violation of a condition by a preponderance of the evidence. Thus, unlike in a criminal case, the probation court is not bound by the constraints of the reasonable doubt standard of proof. The Court stated further that, in probation revocation proceedings, the formal rules of evidence are not applied. Finally, according to the Court, appellate review of the second stage, whether revocation is warranted, is for abuse of discretion.

The Court next addressed a *nolo contendere* plea and its effect on a subsequent violation of probation proceeding. The Court explained that a defendant does not admit guilt or claim innocence by entering a *nolo contendere* plea, and as a result, no verdict of guilty may be found, nor does the acceptance of the plea of *nolo contendere* result in a conviction. The Court further stated that a plea of *nolo contendere* is not receivable in another proceeding as evidence of guilt, and thus the plea itself, and any admission or other statement made by a defendant in the course of a *nolo contendere* plea process, are not admissible in a violation of probation hearing. Other evidence from the *nolo contendere* plea proceeding, however, is admissible at the violation of probation hearing, including "reasonably reliable" hearsay. Lastly, the Court stated that at a probation revocation hearing, the improper admission into evidence of the *nolo contendere* plea or a statement made by the defendant in the course of a *nolo contendere* plea process is not reversible error if the trial court relies primarily on the evidence properly admitted at the probation revocation hearing.

Turning to the issues on appeal, the Court determined that, although the trial court erroneously admitted appellant's *nolo contendere* plea as part of the docket entries from the Prince George's County case, that court's express lack of reliance on such plea in the violation of probation hearing precluded a holding that the admission of the plea was reversible error. The Court also concluded that the admission at the violation of probation hearing of appellant's statement from the *nolo contendere* plea hearing was not reversible error because the trial court did not indicate in its ruling that it relied in any way on appellant's acceptance of the prosecutor's proffer of facts in the Prince George's County case. The Court ultimately held that the prosecutor's proffer of facts in support of appellant's *nolo contendere* plea at the plea hearing was sufficient evidence to support the probation court's finding that appellant had violated the terms of his probation to obey all laws and to obtain permission before possessing a firearm.

Finally, the Court addressed "a common view among at least some practitioners that the entry of a *nolo contendere* plea by a person on probation immunizes that person against a later violation of probation, and as a result, no part of a *nolo contendere* plea proceeding can be used against that person in a violation of probation hearing." The Court explained that "only the *nolo contendere* plea itself and any statement by the defendant made during the *nolo contendere* plea process cannot be used against the defendant in a violation of probation hearing, or in any civil or criminal proceeding for that matter."

Circuit Court for Montgomery County
Case No. 119168C

REPORTED

IN THE APPELLATE COURT

OF MARYLAND*

No. 637

September Term, 2020
_____

ERIC DEMOND HINTON

v.

STATE OF MARYLAND
_____

Berger,
Arthur,
Woodward, Patrick L.
   (Senior Judge, Specially Assigned),

JJ.
_____

Opinion by Woodward, J.
_____

Filed:  March 29, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.



Gregory Hilton, Clerk

*Tang, Rosalyn, and Albright, Anne K., JJ., did
not participate in the Court's decision to
designate this opinion for publication pursuant to
Md. Rule 8-605.1.

*At the November 8, 2022 general election, the voters of Maryland ratified a constitutional
amendment changing the name of the Court of Special Appeals of Maryland to the
Appellate Court of Maryland.  The name change took effect on December 14, 2022.

On June 15, 2012, Eric Demond Hinton, appellant, was convicted after a jury trial in the Circuit Court for Montgomery County of eleven charges related to armed robbery, assault, and burglary. On September 13, 2012, the court sentenced appellant to a total of eighteen years of incarceration, with all but six years suspended, and a period of five years of supervised probation. On January 23, 2014, the court reconsidered its sentence and sentenced appellant to a total of seventeen years of incarceration, with all but five years suspended, and the same five years of supervised probation.

Appellant was released from incarceration on February 18, 2015, and began his probation. On October 23, 2018, appellant was arrested in Prince George's County for illegal possession of a firearm and related charges. On November 1, 2019, appellant entered a *nolo contendere* plea before the Circuit Court for Prince George's County, and was given a three-year suspended sentence, with credit for time served, and two years of supervised probation. Thereafter, on February 27, 2020, the Circuit Court for Montgomery County found appellant in violation of probation and sentenced him to six years of incarceration, with credit of 492 days for time served.

In the instant appeal, appellant raises one question for our review, which we have rephrased: Did the trial court err by finding appellant in violation of probation based on the docket entries and transcript of a proceeding in another case where appellant entered a *nolo contendere* plea to a criminal offense that appellant committed while on probation?[1]

---

[1] Appellant's question presented is as follows: "Did the trial court err by revoking defendant's probation based solely on evidence that the defendant entered a *nolo contendere* plea in another case while on probation[?]"

As we shall explain, we affirm.

## BACKGROUND

### I.

#### A. Original Arrest and Conviction

This appeal arises from an armed robbery perpetrated by appellant and three other individuals in Montgomery County on December 27, 2010. Appellant and his confederates knocked on the front door of a residence and, when the door was answered, entered the house with guns drawn. The robbers repeatedly asked the four occupants, "Where's the money?" They ultimately "corralled" the occupants into the basement and then searched throughout the home for valuables and cash. During the robbery, one of the victims managed to flee to a neighbor's home and call the police. When the police arrived, they found and arrested two of the perpetrators in and around the home, but two had fled the scene, including appellant. After receiving information from an informant, the police arrested appellant and the fourth perpetrator.

On September 29, 2011, appellant was charged with a total of twelve counts—three counts of first degree assault, three counts of armed robbery, one count of conspiracy to commit armed robbery, three counts of unlawful use of a handgun in the commission of a violent crime or felony, one count of first degree burglary, and one count of conspiracy to commit first degree burglary. On June 11, 2012, appellant appeared for a four-day jury trial before the Circuit Court for Montgomery County. The jury convicted appellant on eleven counts after the State dropped one count of armed robbery. On September 13, 2012, the court sentenced appellant to a total of eighteen years of incarceration, with all but six

2

years suspended, and a period of five years of supervised probation. On January 23, 2014, the court reconsidered its sentence and sentenced appellant to a total of seventeen years of incarceration, with all but five years suspended, and the same five years of supervised probation.[2] Appellant served his time and was released on probation on February 18, 2015.

## B. Arrest and Plea During Probation

On October 23, 2018, which was during his five-year term of probation, appellant was arrested in Prince George's County for possession of a regulated firearm by a convicted felon, illegal possession of ammunition, possession of a handgun in a vehicle, and possession of marijuana in a quantity above ten grams. On November 1, 2019, appellant appeared before the Circuit Court for Prince George's County and advised the court of a plea agreement with the State in which he would plead *nolo contendere* to an amended charge of illegal possession of a regulated firearm under Maryland Code (2003, 2018 Repl. Vol.), Public Safety Article ("PS"), § 5-133(b) in exchange for a sentence of three years of incarceration, with all time of incarceration suspended except for time served, and two years of supervised probation. At the plea hearing, the State proffered the evidence that it would have presented if the case had gone to trial. Appellant's counsel advised the court: "We agree that [the State's factual proffer] would be the State's case."

---

[2] On reconsideration of the sentence, the trial court changed appellant's one year sentence for the first degree assault conviction as to one victim to run *concurrently* with the five year sentence for the handgun conviction as to the same victim, and vacated the one year sentence for conspiracy to commit first degree burglary as that sentence should have been merged with the conspiracy to commit armed robbery.

3

## A. First Violation of Probation Hearing – November 26, 2019

On November 13, 2018, at the request of the Division of Parole and Probation, the Circuit Court for Montgomery County ordered that a bench warrant be issued against appellant for violating the conditions of his probation that required him to obey all laws and to receive permission before possessing a firearm. Appellant was arrested on the warrant on November 1, 2019.

On November 26, 2019, the circuit court held the first hearing on the violation of probation charges against appellant. Defense counsel, who had been retained the day before the hearing, told the court:

> I'm not sure if we need a hearing, but [appellant]'s not going to admit the violation. The underlying conviction [in Prince George's County] that you're referring to was as the result of a nolo contendere plea and self-abdicate [sic], I don't know if the [c]ourt is familiar with the law, but it can't be used to violate him as an admission in this proceeding.

The prosecutor responded that defense counsel's statement was not her understanding of the case law, that defense counsel had just entered his appearance in the case, and that the argument regarding the *nolo contendere* plea was being raised for the first time. Defense counsel argued further that under Rule 4-242 and *Agnew v. State*, 51 Md. App. 614 (1982), the court could not use appellant's *nolo contendere* plea as evidence of "an admission" against him in a later proceeding. The court attempted to clarify the issue and asked: "But can it be used in a matter such as this . . . as a finding that would violate him?" Defense counsel responded that the "admission can't be used in a subsequent civil or criminal proceeding against [appellant] *as an admission*. . . . [I]t's sort of, sort of accepted that a

4

nolo plea is not going to allow a violation on a violation of probation." (Emphasis added.) Defense counsel did acknowledge that "there is a way in which to violate [appellant] as a result of any conduct that didn't result in the conviction. And that would be to have a hearing where you have the actual testimony of the people . . . that were involved."

The trial court reset the hearing on the violation of probation to a later date in order to allow the State the opportunity to address appellant's legal argument. The prosecutor then advised the court that the basis of the violation of probation was a new handgun offense and that the underlying offense was an armed home invasion for which appellant was facing twelve years of back-up time. The court responded: "It is not a technical violation. It's a significant violation to obtain a new charge that involves another handgun."

**B. Second Violation of Probation Hearing – January 22, 2020**

Prior to the second violation of probation hearing, the State filed a Memorandum of Law in which it argued that the violation of probation was not based on the *nolo contendere* plea, but on the facts the Prince George's County prosecutor proffered "that satisfied the elements of [the crime of illegal possession of a regulated firearm]." The State asserted that the proffered facts demonstrated "criminal conduct" and that such conduct violated the terms of appellant's probation requiring him to obey all laws and to obtain permission before possessing a dangerous weapon or firearm. Citing *Horsey v. State*, 56 Md. App. 667, 674 (1983), the State contended that the facts supported the violation, even if the plea itself could not. Defense counsel did not submit any memorandum.

At the hearing, which was held on January 22, 2020, the prosecutor initially

submitted on her written memorandum of law. Defense counsel, on the other hand, argued appellant's position. Defense counsel again contended that the issue presented was "whether the nolo plea can be . . . relied upon as [an] admission of guilt in a collateral case. This case, the violation of probation being the collateral case." According to defense counsel, Rule 4-242(e) and *Agnew* forbid the use of a *nolo* plea as evidence of guilt in a collateral proceeding. Defense counsel claimed that the State was "simply introducing the fact of a nolo plea, trying to say that that's an admission of conduct, or that's an admission of guilt." Defense counsel concluded that "the State [could] not violate [appellant] based solely on a nolo plea," and that the court should "not accept simply a nolo plea as a basis for violation at a hearing in this matter."

The prosecutor responded first that the standard of proof that applies to violations of probation is different from the standard of proof that applies to criminal convictions: "[A]s far as burden of proof, Your Honor, the facts presented to, or coming to the knowledge of the judge as to the breach of the conditions of probation, need not establish guilt beyond a reasonable doubt, as on criminal offenses." Instead, according to the prosecutor, "[a]ll that is required is that the *facts* before him be such that the judge *reasonably could be satisfied* that the conduct of the probationer has not been what he agreed it would be if he were given liberty." (Emphasis added.) The prosecutor argued further that the violation of probation was based on the factual proffer by the State that "would have been presented at trial that meets the elements of the crime." The prosecutor summarized the State's position as follows:

6

> Where [appellant] agreed that yes, in fact, the State [in Prince George's County did] have evidence from which a fact finder could find [him] guilty. **And on the basis of that, Your Honor, it's not on the basis of [appellant's] nolo plea, because that's not an admission of guilt, it's not on the basis of the resulting disposition because that's not a conviction, it's on the basis of that proffer of facts that was accepted by the Court and was proffered by the State and agreed to, at least in part, by the [appellant], that the [c]ourt can be convinced that the conduct of the probationer was not what he agreed it would be if he were given liberty.**

(Emphasis added.)

The trial court began its ruling by citing to *Meyer v. State*, 445 Md. 648 (2015) for the proposition that a *nolo contendere* plea is "an implied confession of guilt." "But more instructive, and more controlling to [the court], is *Horsey*." According to the court, *Horsey* said that the condition of probation to "obey all laws" "is the equivalent of engaging in good behavior," and

> the quantum of proof necessary to show a failure of good behavior is that proof of the conviction for a crime is not required. And any evidence sufficient to reasonably satisfy the trial court that the actor has committed a crime is adequate to sustain an order revoking a suspension for failure of good behavior.

Because appellant had "entered a nolo contendere plea to the crime of possession of a firearm, by a convicted felon, in the Prince George's County case," the court found that appellant "engaged in criminal conduct . . . which is the underlying offense that is presented as a violation of this probation." Further, the court stated that "it ma[de] no difference that [appellant] entered a nolo plea . . . to the underlying charge[,]" because "[t]he facts support[ed] that he engaged in behavior that . . . violated the law" and, accordingly, appellant violated the terms of his probation requiring him to obey all laws and to obtain permission to possess a firearm.

7

After the trial court made its ruling, defense counsel stated that he wanted to have an evidentiary hearing to make sure they were doing "everything right in terms of an appellate record." He explained: "I think the [c]ourt has found [appellant] in violation. We really haven't had an evidentiary hearing with regard to that[,]" and "I don't know what precisely the State is presenting in terms of . . . that evidence[.]" The court agreed that appellant was entitled to an evidentiary hearing and scheduled it for February 27, 2020.

## C. Third Violation of Probation Hearing – February 27, 2020

On February 27, 2020, the parties reconvened for the evidentiary hearing at the third violation of probation hearing. At the beginning of the hearing, the prosecutor moved two exhibits into evidence. Defense counsel did not object to the authenticity of the exhibits, but did "object to their admissibility for the admissibility of a nolo as an admission by a party opponent." The trial court then admitted State's Exhibits 1 and 2.

State's Exhibit 1 was a certified copy of the docket entries in the Prince George's County case and State's Exhibit 2 was "a certified transcription of the proceedings of the nolo plea" dated November 1, 2019. The prosecutor then directed the court to State's Exhibit 2 and noted that in the transcript appellant told the Prince George's County circuit court that he understood the nature of his *nolo contendere* plea and that the court informed him of the potential "ramifications" of his plea, including a negative impact on parole or probation in any other case where "[t]hat judge, as a result of this case, could potentially sentence you to additional jail time, extend your probation, do any number of things." The prosecutor then turned to the factual proffer offered by the State in the Prince George's County case, and read that proffer into the record, reproduced here from the transcript itself:

8

The facts in support of the plea are as follows: On October 22nd of 2018, approximately 7:00 p.m., the arresting officer, who at the time was employed with the Cheverly Police Department, was on patrol in the area of the Cheverly Station Apartments located on Landover Road in Prince George's County, Maryland. He was flagged down at that time by a security guard who works at the property. That security guard indicated that there were several people in the van possibly smoking marijuana . . . .

The arresting officer came to the location where the van was stopped and he did detect a strong odor of marijuana coming from the vehicle. He asked each of the occupants to exit the vehicle and identify themselves.

The driver was identified as [appellant] . . . . One of the occupants did admit that they had recently smoked marijuana. There was a small amount still in the car.

**The officer ended up searching the vehicle and he found a backpack behind the driver's seat, asked the men who the backpack belonged to. The defendant answered that it was his. A search of the backpack revealed an extended magazine clip with ammunition loaded in it and also a []9 millimeter handgun.** Also in the backpack were several prescription bottles with the defendant's name and information on them.

A subsequent records check revealed that the defendant is not permitted to possess a firearm due to a prior conviction in 2011 [sic] in the Circuit Court for Montgomery County.

(Emphasis added.)

After reading the factual proffer, the prosecutor concluded that "it's on these two documents, Your Honor, State's Exhibits 1 and 2, that the State relies to prove [appellant's] violation of conditions four and six [of his probation]." The court turned to defense counsel, who stated: "No evidence, Your Honor. . . . I would just adopt my arguments from the previous hearing."

The trial court then ruled:

I do find, based on this proffer of evidence from the State, including the admission of State's 1 and 2, and the other information the Court has before

9

it that [appellant] was on probation to this court on November the 1st of 2019 when he entered a plea of nolo contendere in the Circuit Court for Prince George's County, Maryland to the charge of possession of a firearm by a prohibited person. **The Court finds that that as I previously ruled, that that nolo contendere plea does subject [appellant] to a violation of probation**. And for reasons that this Court has previously stated on the record, I find that despite the fact it was a nolo contendere plea, it is a plea that would subject him to violating probation here in this county. And so, **accordingly, based on the State's evidence this morning and proffers from the State this morning, I find [appellant] in violation of his probation**, condition number four, obeying all laws, and condition number six, failure to obtain permission for possession of a firearm and ammunition.

(Emphasis added.) The court sentenced appellant to six years of incarceration, with credit for 492 days of time served but no time suspended.

Appellant filed this timely appeal. Additional facts shall be provided as necessary to our resolution of the question presented.

## DISCUSSION

### I.

### A. Violation of Probation Proceedings

Probation is a personal privilege granted to the probationer as an act of clemency:

Probation is a matter of grace, which aside from being an act of clemency extended to one who has committed a crime, is in substance and effect a bargain made by the people, through legislation and the courts, with the malefactor that he may be free as long as he conducts himself in a manner consonant with established communal standards and the safety of society.

*Scott v. State*, 238 Md. 265, 275 (1965).

In *Scott*, the police investigated the allegations that, while on probation for a robbery conviction, the appellant assaulted an elderly woman with the intent to rape and committed common law assault on her. *Id.* at 268-69. A police officer approached the appellant's

10

mother with a hat recovered from the scene of the attempted rape to ask whether it belonged to the appellant. *Id.* at 269. The appellant's mother confirmed that the hat belonged to the appellant. *Id.* She later recanted her statement and refused to testify at the appellant's assault trial. *Id.* At trial, the State attempted to admit the identification of the hat by proffering the testimony of the police officer who had obtained the identification. *Id.* The trial court ruled that the officer's testimony was inadmissible as hearsay, and the jury ultimately returned a verdict of not guilty on all charges. *Id.*

The violation of probation judge, who also presided over the assault trial, was convinced by the State's proffered facts regarding the identification of the hat that the appellant had committed the assaults, and as a result, decided to revoke the appellant's probation. *Id.* The appellant appealed the revocation of his probation, arguing that the revocation was illegally grounded on hearsay evidence that had been excluded at trial and on conduct of which he had been acquitted. *Id.* at 271. The Supreme Court of Maryland[3] stated that violation of probation hearings are "informal in character and not subject to the limitations and restrictions upon a trial on a charge of crime, which requires proof beyond a reasonable doubt in order to convict . . . ." *Id.* at 271-72. The Court explained that probation may be revoked "if the court is reasonably persuaded, by knowledge of facts,

---

[3] At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022. *See also*, Md. Rule 1-101.1(a) ("From and after December 14, 2022, any reference in these Rules or, in any proceedings before any court of the Maryland Judiciary, any reference in any statute, ordinance, or regulation applicable in Maryland to the Court of Appeals of Maryland shall be deemed to refer to the Supreme Court of Maryland . . . .").

*even if obtained more informally than the rules of evidence would permit it to be obtained in a trial, that it should be.*" *Id.* at 275 (emphasis added). The Court observed further:

> The facts presented to or coming to the knowledge of the judge, as to the breach of the conditions of probation, need not establish guilt beyond a reasonable doubt as in criminal offenses; all that is required is that the facts before him be such that the judge reasonably could be satisfied that the conduct of the probationer has not been that he agreed it would be if he were given liberty.

*Id.* at 276.

As a result, the Court concluded:

> [The] acquittal of a probationer of a charge of criminal conduct which was a violation of probation does not preclude revocation of probation, if the judge passing on the question is with reason satisfied that the probationer actually did that charged in the indictment on which he was acquitted.

*Id.*

Under Rule 4-347(a), the State, the Division of Parole and Probation, or the circuit court itself may initiate proceedings for revocation of probation "by an order directing the issuance of a summons or warrant." If the Division of Parole and Probation or the State initiates proceedings, a verified petition must be filed. Rule 4-347(a). If the court is seeking to initiate proceedings, it may issue an order. *Id.* "The petition, or order if issued on the court's initiative, shall state each condition of probation that the defendant is charged with having violated and the nature of the violation." *Id.*

A violation of probation hearing "involves two stages: '(1) a retrospective factual question whether the probationer has violated a condition of probation; and (2) a discretionary determination by the sentencing authority whether violation of a condition warrants revocation of probation.'" *Johnson v. State*, 247 Md. App. 170, 182-83 (2020)

12

(quoting *Hammonds v. State*, 436 Md. 22, 31 (2013)); *see Wink v. State*, 317 Md. 330, 332 (1989).

Regarding the first stage, the State has both the burden of production, which is to come forward with evidence to support a violation, and the burden of persuasion. *Wink*, 317 Md. at 332. In *Scott*, the Supreme Court of Maryland stated that the burden of persuasion at the first stage is satisfied by "reasonable satisfaction." 238 Md. at 276. In *Wink*, the Court clarified the meaning of "reasonable satisfaction" to be "that the trial judge must find the essential facts comprising a violation of condition by a preponderance of the evidence." 317 Md. at 341. Thus, unlike in a criminal case, the probation court is not bound by the constraints of the reasonable doubt standard of proof. *Gibson v. State*, 328 Md. 687, 696 (1992). For this reason, an acquittal in a criminal case does not preclude the State from relitigating an issue when the subject criminal conduct is presented in a subsequent action governed by a lower standard of proof. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361-62 (1984). Further, in probation revocation proceedings, the formal rules of evidence are not applied. *State v. Fuller*, 308 Md. 547, 553 (1987). Maryland Rule 4-347(e)(2) permits the trial court to "conduct the revocation hearing in an informal manner and, in the interest of justice, may decline to require strict application of the rules [of evidence] in Title 5, except those relating to the competency of witnesses." "Thus, the rules of evidence, including the rules against the admission of hearsay, are relaxed at probation revocation hearings." *Bailey v. State*, 327 Md. 689, 698 (1992). Appellate review of the first stage is for clear error. *State v. Dopkowski*, 325 Md. 671, 677 (1992).

13

Appellate review of the second stage, whether revocation is warranted, is for abuse of discretion. *Id.* at 678; *see Wink*, 317 Md. at 339 ("Appellate review to determine whether there was reasonable satisfaction would simply analyze whether discretion was abused for want of any reasonable basis for the revocation."). "Abuse of discretion will be found only if the trial court has erroneously construed the conditions of probation, has made factual findings that are clearly erroneous, or has acted arbitrarily or capriciously in revoking probation." *Dopkowski*, 325 Md. at 678; *see Bailey*, 327 Md. at 696.

Traditionally, "if a trial judge found that a probationer or defendant had violated any condition of probation, the judge was authorized to 'impose any sentence that might have originally been imposed for the crime of which the probationer or defendant was convicted or pleaded nolo contendere.'" *Johnson*, 247 Md. App. at 184 (quoting Md. Code (2001, 2018 Repl. Vol.), § 6-223(d)(2) of the Criminal Procedure Article ("CP")). In 2016, however, the General Assembly enacted the Justice Reinvestment Act, which, among many comprehensive reforms, amended § 6-223 of the Criminal Procedure Article—the statute governing probation revocations. 2016 Md. Laws, ch. 515. "The amendments placed presumptive limits on the duration of incarceration that may be imposed for a 'technical' violation of probation." *Johnson*, 247 Md. App. at 184. A "technical violation" is defined as:

> [A] violation of a condition of probation, parole, or mandatory supervision that does not involve:
>
> > (1) an arrest or a summons issued by a commissioner on a statement of charges filed by a law enforcement officer;
> >
> > (2) a violation of a criminal prohibition other than a minor traffic

14

offense;

    (3) a violation of a no-contact or stay-away order; or

    (4) absconding.

CP § 1-101(q) (incorporating by reference the definition of a technical violation from Md. Code, § 6-101(m) of the Correctional Services Article). If the trial judge finds that the probationer has committed a technical violation of a condition of probation, the judge may "impose a period of incarceration of: (1) not more than 15 days for a first technical violation; (2) not more than 30 days for a second technical violation; and (3) not more than 45 days for a third technical violation[.]" CP § 6-223(d)(2)(i).[4] For a fourth or subsequent technical violation, or a violation that is not a technical violation, a trial judge may impose any sentence that might have been imposed for the crime of which the probationer or defendant was convicted or pleaded *nolo contendere*. CP § 6-223(d)(2)(ii).

---

[4] CP § 6-223(e)(1) creates "a rebuttable presumption that the limits on the period of incarceration that may be imposed for a technical violation under subsection (d)(2) of this section are applicable." However, under subsection (e)(2):

> The presumption may be rebutted if the court finds and states on the record, after consideration of the following factors, that adhering to the limits on the period of incarceration established under subsection (d)(2) of this section would create a risk to public safety, a victim, or a witness:
>
> (i) the nature of the probation violation;
>
> (ii) the facts and circumstances of the crime for which the probationer or defendant was convicted; and
>
> (iii) the probationer's or defendant's history.

CP § 6-223(e)(2).

15

**B.** *Nolo Contendere* **Pleas**

    *1. Case Law*

Upon being charged with a crime, the criminal defendant may plead not guilty and go to trial or guilty "and relieve the State of having to bear its burden of proof." *Bishop v. State*, 417 Md. 1, 16 (2010); *see* Md. Rule 4-242(a) (not guilty plea); Md. Rule 4-242(c) (guilty plea). The defendant may also plead *nolo contendere*, as appellant did here, or take an *Alford* plea.[5] *Bishop*, 417 Md. at 16. *Nolo contendere* translates directly to "I do not wish to contend." *Id.* at 18. A *nolo contendere* plea is a "'plea by which the defendant does not contest or admit guilt.'" *Id.* (quoting BLACK'S LAW DICTIONARY 1147, 1269 (9th ed. 2009)). CP § 1-101(l) defines a plea of *nolo contendere* as "a plea stating that the defendant will not contest the charge but does not admit guilt or claim innocence." In *McCall v. State*, this Court explained:

> A plea of nolo is not an admission of conduct as by so pleading an accused merely asserts that he does not desire to contest the charge. No verdict of guilty may be found on the entry of a plea of nolo, Rule [4-242(e)], and thus it is not a conviction. On the other hand, a plea of guilty is an admission of conduct, and, it results in a conviction.

9 Md. App. 191, 193 (1970) (footnote omitted).

Before accepting a *nolo contendere* plea, the trial court must determine that the defendant entering the *nolo contendere* plea does so knowingly and voluntarily. Md. Rule 4-242(e). The court must also advise the defendant of the collateral consequences of the plea. *Id.* Following acceptance of the plea, the court "shall proceed to disposition as on a

---

[5] A defendant may enter a plea of *nolo contendere* only with the trial court's consent. Md. Rule 4-242(e).

plea of guilty, but without finding a verdict of guilty." *Id.*

By entering a *nolo contendere* plea, the defendant waives most of his appellate rights:

> "As in the case of the plea of guilty, . . . a plea of nolo contendere waives all
> defenses other than that the indictment charges no offense, and the right to trial
> and incidental rights. The plea also waives all formal or nonjurisdictional
> defects or irregularities in the indictment or information in prior proceedings
> . . . . Except under extraordinary circumstances, the plea of nolo contendere
> leaves open for review only the sufficiency of the indictment."

*Bishop*, 417 Md. at 19 (quoting *Cohen v. State*, 235 Md. 62, 68 (1964)). Thus appellate

review of a *nolo contendere* plea is typically limited to whether the trial court adhered

properly to Rule 4-242(e).

Although a *nolo contendere* plea shares some similarities to a guilty plea,[6] it has

different consequences to the defendant. *Id.* at 16. Unlike a guilty plea, a *nolo contendere*

plea only establishes the fact of guilt in the case to which it applies and is not receivable in

another proceeding as evidence of guilt. *Agnew*, 51 Md. App. at 652. Consequently, a

defendant who pleads *nolo contendere* is not estopped "'to plead and prove his innocence

in a civil action.'" *Id.* (quoting *Hudson v. United States*, 272 U.S. 451, 455 (1926)).

2. *Agnew v. State*

The impact of *nolo contendere* pleas on other proceedings has not been addressed

in depth in our case law. The case of *Agnew v. State* is perhaps the most significant case

discussing the effects of a *nolo contendere* plea to date, even though the issue was not

---

[6] "The plea of nolo, just as the plea of guilty, has the effect of submitting the accused to
punishment by the court; following the entry of either plea the court shall proceed to
determine and impose sentence." *McCall*, 9 Md. App. at 193-94; *see* Md. Rule 4-242(e).

central to the opinion.

In *Agnew*, Spiro T. Agnew, former Vice President of the United States, Governor of Maryland, and Baltimore County Executive, was sued by three Maryland taxpayers in 1976 to recover certain payments made to him in connection with the award of engineering contracts by the State Roads Commission during his terms of office. *Id.* at 616.[7] In October of 1973, three years before the civil case was filed, Agnew entered a *nolo contendere* plea in the United States District Court for the District of Maryland on charges of felony tax evasion. *Id.* at 619. The civil case went through complicated litigation before the Circuit Court for Anne Arundel County that resulted in a monetary judgment in favor of the State of Maryland, as intervenor, and against Agnew. *Id.* On appeal to this Court, Agnew sought resolution of nine issues in the civil case, including several evidentiary issues surrounding Agnew's *nolo contendere* plea in federal court. *Id.* at 617.

In order to understand the legal issues presented by Agnew before this Court in the civil case, we first must address his plea before the federal court. On October 10, 1973, the federal court accepted Agnew's plea of *nolo contendere* on federal tax evasion charges under 26 U.S.C. § 7201. *Id.* at 619. During the plea hearing, the United States Attorney General entered into evidence "an exposition of the evidence," which had been accumulated during the government's investigation of Agnew, to establish "a pattern of substantial cash payments" to Agnew during his time as Governor of Maryland. *Id.* at 620.

---

[7] Agnew was accused of having obtained "political contributions" in exchange for certain engineering and architectural firms being awarded contracts involving road and bridge construction by the State Roads Commission. *Agnew*, 51 Md. App. at 618.

18

Four sworn statements also were admitted into evidence at the plea hearing. *Id.* at 620 n.5. The sworn statements were made by four individuals who participated with Agnew in the bribery and kickback scheme. *Id.* at 618. Finally, before he was sentenced, Agnew made an oral statement on the record in which he admitted (1) receipt of payments that had not been expended for political purposes, and (2) the award of contracts by state agencies "to those who made such payments." *Id.* at 621. Agnew, however, denied the "assertions of illegal acts" by him and that the payments in any way influenced his official actions. *Id.* After accepting the *nolo contendere* plea, the federal court sentenced Agnew to three years' incarceration, all suspended, and placed him on probation. *Id.*

One of the issues before this Court in *Agnew*, which is relevant to the instant appeal, was "[w]hether . . . Agnew's plea of nolo contendere to federal tax evasion was properly admitted against him." *Id.* at 616. On this issue, the trial court admitted into evidence the four sworn statements, a transcript of the *nolo contendere* plea proceeding in federal court, which contained Agnew's admissions, the criminal information against Agnew, Agnew's *nolo contendere* plea, his sentence, and the 40-page "exposition of the evidence" prepared by the government. *Id.* at 629, 652. The court admitted the sworn statements as exceptions to the exclusionary rule against hearsay for declarations or statements against penal interest. *Id.* at 629. The trial court also ruled that the *nolo contendere* plea and transcript of the proceedings were admissible as admissions by a party opponent. *Id.* at 652.[8]

---

[8] The *Agnew* opinion does not indicate the basis upon which the trial court admitted into evidence the criminal information, Agnew's sentence, or the 40-page "exposition of the

(continued . . .)

19

Initially, this Court determined that the four sworn statements "were actually against the declarant's penal interest when made" and thus were properly admitted into evidence.[9] *Id.* at 630. We also ruled that the four sworn statements "were admissible as declarations against pecuniary interest." *Id.* at 643.

This Court then turned to the law governing the use of a *nolo contendere* plea in a subsequent proceeding and declared such law to be "scant." *Id.* at 651. Without a Maryland Rule of Evidence governing *nolo contendere* pleas,[10] we looked to the Federal Rules of Evidence and observed that "pleas of *nolo contendere* and accompanying statements are 'not admissible in any civil or criminal proceeding against the person who made the plea . . . .'" *Id.* at 652 (quoting Fed. R. Evid. 410). We also considered the "common-law approach to the question of the effect of the [*nolo contendere*] plea" and determined that such plea is "'not receivable in another proceeding as evidence of guilt.'" *Id.* (quoting *Mickler v. Fahs*, 243 F.2d 515, 517 (5th Cir. 1957)). "The rationale for the [common law] rule is that the plea establishes the fact of guilt only in the case to which it applies" and the plea itself "has no effect beyond the case in which it is entered." *Id.* Therefore, this Court held: "[W]e subscribe to the majority view that a statement made at

evidence." Apparently, no issue was raised on appeal regarding the admissibility of those documents. *See* 51 Md. App. at 652.

[9] The admissibility of one of the sworn statements, that of Jerome Wolff, was challenged for the additional reason that Wolff was available and did testify at trial. *Agnew*, 51 Md. App. at 645. This Court held that such ground had never been asserted before the trial court and thus had not been preserved for appellate review. *Id.*

[10] The Court of Appeals of Maryland, now the Supreme Court of Maryland, did not adopt a rule of evidence governing *nolo contendere* pleas until 1993.

the time of entering a *nolo* plea and the plea itself are not admissible against a party in a subsequent civil proceeding." *Id.* at 653. Accordingly, the trial court's admission into evidence of Agnew's *nolo contendere* plea and the transcript of the plea proceeding, which contained Agnew's admissions, was error. *See id.*

Nevertheless, this Court held that the admission of the *nolo contendere* plea and transcript of the plea proceeding was not reversible error. *Id.* We explained: "However, because the trial judge relied primarily on the testimony and the sworn declarations against interest properly admitted, which 'form the basis of the whole action,' admission of the *nolo* plea and the transcript was not reversible error." *Id.*

3. *Maryland Rule 5-410*

In 1993, over ten years after *Agnew* was decided, the Supreme Court of Maryland adopted Rule 5-410, stating that the rule was derived from Fed. R. Evid. 410 (Md. Rules, Vol. 1, 1994 Repl. Vol.). Rule 5-410(a) reads:

> (a) Generally. Except as otherwise provided in this Rule, **evidence of the following is not admissible against the defendant who made the plea or was a participant in the plea discussions**:
>
> > (1) a plea of guilty which was not accepted or which was later withdrawn or vacated;
> >
> > (2) **a plea of nolo contendere, except as otherwise provided in these rules**;
> >
> > (3) **any statement made in the course of any proceedings under Rule 4-243 [plea agreements]** or comparable state or federal procedure **regarding a plea specified in subsection (a)(1) or (a)(2)** of this Rule, except in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath and on the record; or

21

> (4) any statement made in the course of plea discussions with an attorney for the prosecuting authority which do not result in a plea of guilty or nolo contendere or which result in a plea of guilty or nolo contendere which was not accepted or was later withdrawn or vacated.

(Emphasis added.)

To explain the origin of Rule 5-410, the Standing Committee on Rules of Practice and Procedure ("Rules Committee") included in its 125th Report to the Court of Appeals of Maryland, dated July 7, 1993, a "Reporter's Note" to Rule 5-410 that set forth, in relevant part:[11] "(3) The exception in subsection (a)(2) with respect to pleas of nolo contendere is intended to codify *Agnew v. State*, 51 Md. App. 614, 651 (1982)." Rules Committee, One Hundred Twenty-Fifth Report of the Standing Committee on Rules of Practice and Procedure at P-11 (July 7, 1993). Further, the minutes from the Rules Committee's October 16, 1992 meeting provides some background on the development and scope of Rule 5-410:

> Professor McLain presented Rule 5-410, Inadmissibility of Pleas, Plea Discussions, and Related Statements, for the Committee's consideration. . . . She explained that this Rule has been one of the most amended of the federal rules. The Rule should encourage defendants to plea bargain, but does not

---

[11] The introduction to the Report provides some background on the Reporter's Note:

> The Reporter's Notes were prepared initially for the benefit of the Rules Committee in its consideration of the rules. They were not debated or approved by the Committee and are not to be regarded as part of the rules or as an official comment on or interpretation of the rules. The Reporter's Notes appended to the rules as published are, in some instances, abbreviated. That was done in order to reduce the size and cost of publication.

Rules Committee, One Hundred Twenty-Fifth Report of the Standing Committee on Rules of Practice and Procedure at P-1 (July 7, 1993).

protect resulting convictions. **The Rule does not apply to statements by prosecuting attorneys**, which would be governed by Rules 5-401, 5-403, and 5-801. **What is protected are any statements made by a criminally accused to a prosecutor and statements made under Rule 4-243 proceedings or comparable federal or other state proceedings.** Exceptions to the Rule are (1) when in any proceeding another statement made in the course of the same plea or plea discussions has been introduced and the statement should in fairness be considered with it (the rule of completeness), (2) if the statement is offered in a subsequent civil proceeding as a prior inconsistent statement to attack the credibility of the person who made the statement, and (3) in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath and on the record.

Rules Committee, Minutes of Meeting at 50 (Oct. 16, 1992) (emphasis added).

## C. Effect of *Nolo Contendere* Plea on a Violation of Probation Proceeding

Finally, we turn to the intersection of a *nolo contendere* plea and a violation of probation proceeding. In *Horsey*, the appellant entered a guilty plea on a charge of theft and was sentenced to eighteen months of incarceration, all suspended, and three years of probation, which required him to, among other things, "obey all laws." 56 Md. App. at 669. A few months later, the appellant was again charged with theft, which had taken place during the period of probation. *Id.* The case was submitted to the court on an agreed statement of facts, and the court entered a probation before judgment under Art. 27, § 641. *Id.* The appellant was brought before the court on a violation of probation regarding the initial conviction for theft on the ground that appellant had failed to "obey all laws." *Id.* The trial court found the appellant guilty of violating his probation and sentenced him to serve the remainder of his original eighteen-month sentence. *Id.* at 670.

On appeal, the appellant argued that the trial court could not base a finding of a violation of probation on a disposition of probation before judgment. *Id.* This Court

rejected the appellant's argument, because the appellant improperly relied "on the *disposition* of the second case rather than upon the underlying factual determination involved." *Id.* at 672 (emphasis in original). We explained that the factual determination of the commission of an offense is the same for a conviction as for a probation before judgment disposition, and thus "the same reasoning that permits revocation upon proof of a conviction would permit revocation upon a showing of guilt prior to a sec. 641 disposition." *Id.* at 672-73.

This Court next addressed the suggestion by the appellant that the probation before judgment disposition resulted from a *nolo contendere* plea. We said:

> Appellant's suggestion that the sec. 641 disposition may have resulted from the entry of a *nolo contendere plea* and, thereby, amount to a failure to prove the crime, is without merit. We point out that the determination of guilt was based upon an agreed statement of facts. Additionally, appellant's reliance on Md. Rule 731(d)(2) is not dispositive of the issue. The rule authorizes a court, on a nolo contendere plea, to impose sentence without finding a verdict of guilty. **We repeat, revocation of probation is permissible in instances of engaging in criminal conduct or upon conviction of a crime. Obviously, the statement of facts was sufficient to warrant a guilty verdict, otherwise the court could not have made a sec. 641 disposition**. **Appellant's counsel suggests that Judge Hinkel did not know whether appellant entered a nolo plea or a guilty plea. It makes no difference** . . . .

*Id.* at 673 (emphasis added). We then reiterated the common law rule regarding

> the quantum of proof necessary to show a failure of good behavior is that proof of conviction for crime is not required and any evidence sufficient to reasonably satisfy the trial court that the actor has committed a crime is adequate to sustain an order revoking a suspension for failure of good behavior.

*Id.* at 674. Further, the "failure of good behavior may be shown by any evidence reasonably tending to prove commission of a criminal act." *Id.* at 674-75.

To summarize the key principles regarding a plea of *nolo contendere* and its effect on a violation of probation proceeding, a defendant does not admit guilt or claim innocence by entering a plea of *nolo contendere*. *Bishop*, 417 Md. at 18; CP § 1-101(l). As a result, no verdict of guilty may be found, nor does the acceptance of the plea of *nolo contendere* result in a conviction. *McCall*, 9 Md. App. at 193; Md. Rule 4-242(e). A plea of *nolo contendere* is not receivable in another proceeding as evidence of guilt, and thus the plea itself is not admissible in a violation of probation hearing. *See* Md. Rule 5-410(a)(2); *Agnew*, 51 Md. App. at 652. Also, any admission or other statement by a defendant in the course of a *nolo contendere* plea process[12] is not admissible against the defendant in any violation of probation hearing. *See* Md. Rule 5-410(a)(2)–(4); *Agnew*, 51 Md. App. at 652. Other evidence from the *nolo contendere* plea proceeding, however, is admissible at the violation of probation hearing, including "reasonably reliable" hearsay. *See Agnew*, 51 Md. App. at 653 (holding that at the civil trial to recover "kickback" payments made to Agnew, the trial court properly relied on four sworn statements that also had been admitted previously at Agnew's *nolo contendere* plea hearing); Md. Rule 4-347(e)(2) (stating that the trial court may decline to require strict application of the rules of evidence during probation revocation proceedings); *Bailey*, 327 Md. at 699 (explaining that hearsay evidence is admissible at probation revocation hearings as long as the trial court finds such evidence "reasonably reliable" and there is good cause for its admission). Finally, and most importantly, the improper admission into evidence at a probation revocation hearing

---

[12] The *nolo contendere* plea process includes both the *nolo contendere* plea proceeding and the plea discussions with the prosecutor. *See* Md. Rule 5-410(a)(3)–(4).

of the *nolo contendere* plea or a statement by the person who made such plea is not reversible error if the trial court relies primarily on the evidence properly admitted at the probation revocation hearing. *See Agnew*, 51 Md. App. at 653.

## II.

### A. Contentions of the Parties

Appellant argues that the trial court erred by revoking appellant's probation "based solely on evidence that [appellant] entered a *nolo contendere* plea in another case while on probation." Appellant states that a *nolo contendere* plea "may not be admitted as inculpatory evidence at a collateral proceeding," because such plea is neither a conviction nor an admission of conduct. Thus, according to appellant, the trial court's "sole reliance" on appellant's plea to determine that appellant had violated the terms of his probation was "an abuse of its discretion."

The State responds that appellant "is correct that a plea of *nolo contendere* cannot be admitted in subsequent collateral proceedings as an admission of guilt," but went on to assert that the trial court "did not violate his probation based on a belief that he admitted guilt by entering a plea of *nolo contendere*." Instead, the State contends that the court "found the factual basis supporting the *nolo contendere* plea," *i.e.*, the State's factual proffer during the plea proceeding, as "sufficient for it to find that [appellant] failed to obey all laws and failed to get permission before possessing a firearm." The State is correct.

### B. Analysis

The central focus of appellant's argument on appeal is that the trial court erred by basing its decision to find appellant in violation of his probation "solely on evidence that

26

[appellant] entered a *nolo contendere* plea in another case while on probation." Appellant is correct that the court would have committed reversible error if it had based its finding of a violation solely on appellant's *nolo contendere* plea. *See Agnew*, 51 Md. App. at 652. But, contrary to the factual premise of appellant's argument, the trial court not only did not rely "solely" on appellant's *nolo contendere* plea, the court did not rely on such plea at all. At the violation of probation hearing on February 27, 2020, the trial court said: "The Court finds that as I previously ruled, that the nolo contendere plea does not subject [appellant] to a violation of probation." Although the trial court erroneously admitted appellant's *nolo contendere* plea as a part of the docket entries from the Prince George's County case (State's Exhibit 1), the court's express lack of reliance on such plea precludes a holding that the admission of the *nolo contendere* plea was reversible error. *See id.* at 653 (stating that the admission of a *nolo contendere* plea against a party in the subsequent proceeding was not reversible error where "the trial court relied primarily on the testimony and the sworn declarations against interest properly admitted, which form the basis of the whole action") (internal quotation marks omitted).

Further, under Rule 5-410, statements of a defendant who enters a *nolo contendere* plea cannot be admitted against that person in any civil or criminal proceeding. Md. Rule 5-410(a)(2)–(3). In the instant case, the trial court admitted into evidence, as State's Exhibit 2, the transcript of the *nolo contendere* plea proceeding in the Prince George's County case. Appellant acknowledges that he "did not make any admissions during the plea proceeding, and did not discuss the facts of the case in any way." Yet, the State repeatedly pointed to appellant's acceptance, through counsel, "either in whole or in part,"

27

of the prosecutor's proffer of facts. To the extent that defense counsel's statement during the *nolo contendere* plea proceeding that appellant "agree[d]" that the prosecutor's proffer of facts "would be the State's case" constitutes a statement of appellant under Rule 5-410, such statement cannot be admitted against him in a violation of probation hearing. *See id.*; *Agnew*, 51 Md. App. at 653. The trial court, however, did not indicate in its rulings that it relied in any way on appellant's "acceptance" of the prosecutor's proffer of facts in the Prince George's County case. Therefore, the admission of appellant's statement at the violation of probation hearing was not reversible error.

A question still remains to be answered: Was there sufficient evidence properly admitted at the violation of probation hearing to support the trial court's finding that appellant had violated the terms of his probation to obey all laws and to obtain permission before possessing a firearm? Appellant states that "probationers who enter a *nolo* plea may have their probation revoked based upon independent evidence of misconduct, such as testimony by an arresting officer, a witness, or a victim from the underlying case." Appellant's statement, however, is not a complete statement of the law in Maryland. As set forth above, "any evidence sufficient to reasonably satisfy the trial court that the actor has committed the crime is adequate to sustain an order revoking a suspension for failure of good behavior." *Horsey*, 56 Md. App. at 674. The strict rules of evidence do not apply to violation of probation hearings, *see* Md. Rule 4-347(e)(2), and even the rules against the admission of hearsay are relaxed. *Bailey*, 327 Md. at 698.

In *Bailey*, the Supreme Court of Maryland held that for hearsay to meet the evidentiary and constitutional requirements for admissibility at probation revocation

hearings, the hearsay must be "reasonably reliable" and there must be good cause for its admission. *Id.* at 699. The Court went on to identify three factors that "help determine whether hearsay evidence bears a sufficient degree of reliability": (1) the presence of corroborative evidence; (2) whether the proffered hearsay is an objective fact reported by the declarant; and (3) the source of the proffered hearsay. *Id.* at 700-03. Finally, the Court stated that "a major factor in determining good cause to admit the hearsay" is "the reliability of the proffered hearsay," and that good cause can be apparent from the record. *Id.* at 705.

In the instant case, the trial court relied on the proffer of facts given on the record by the prosecutor in support of appellant's *nolo contendere* plea at the plea hearing before the Circuit Court for Prince George's County. The proffer of facts was part of the official transcript of proceedings entered into evidence at the violation of probation hearing as State's Exhibit 2. The proffer of facts is clearly hearsay.

Applying the *Bailey* test, we conclude that the proffer of facts is "reliable hearsay" and that there was good cause for its admission at appellant's violation of probation hearing. First, there was evidence to corroborate the proffer of facts. The docket entries, other than the entry of the *nolo contendere* plea, state that a criminal indictment had been filed against appellant for, among other things, the crime of possession of a firearm by a convicted felon ("Count I"). The docket entries and transcript then indicate an amendment to Count I to charge the same offense under the non-mandatory version, PS § 5-133(b). Finally, the trial court imposed a sentence consistent with the penalty provided for a violation of PS § 5-133(b).

Second, the proffer of facts provided objective facts constituting the evidence that the prosecutor declared would be admitted at trial to prove that appellant committed the charged offense. Third, the source of the proffer of facts was the prosecutor's statement on the record in open court of the facts showing appellant's commission of a criminal offense to which appellant was entering a plea that would subject him to punishment. The Prince George's County court also found that the proffer of facts provided an adequate foundation for the court to accept appellant's plea.

Lastly, good cause to admit the proffer of facts was apparent from the record. *See id.* at 705. The purpose of the proffer of facts was to establish a factual basis for the trial court to determine the commission of a crime and the criminal agency of appellant. Given the significance of a proffer of facts in plea proceedings and the inconvenience of calling a police officer or other witness to testify at the violation of probation hearing, there was good cause to admit the proffer of facts. *See id.* at 705-06.

Therefore, this Court holds that the trial court did not commit reversible error in the admission of evidence at appellant's violation of probation hearing and that there was sufficient evidence, in the form of reasonably reliable hearsay, for the trial court to find that appellant violated the terms of his probation by failing to "obey all laws" and by failing to obtain permission before possessing a firearm. Because failing to "obey all laws" is not a technical violation of probation, we also hold that the trial court did not abuse its discretion by revoking appellant's probation and imposing six years of incarceration, which was one-half of the suspended period of incarceration.

This Court would be remiss if we did not address, albeit briefly, the following

30

statements made in appellant's brief:

> Because the plea of *nolo contendere* is clearly designed to insulate individuals from the collateral consequences of a guilty plea, criminal defendants who are on probation commonly use the *nolo contendere* plea in order to accept the benefits of a favorable plea offer. Through the use of the *nolo contendere* plea, they are able to avoid the repercussions a guilty plea would have on their probationary status.

These statements suggest a common view among at least some practitioners that the entry of a *nolo contendere* plea by a person on probation immunizes that person against a later violation of probation, and as a result, no part of a *nolo contendere* plea proceeding can be used against that person in a violation of probation hearing. As we have seen, only the *nolo contendere* plea itself and any statement by the defendant made during the *nolo contendere* plea process[13] cannot be used against the defendant in a violation of probation hearing, or in any civil or criminal proceeding for that matter. Indeed, the trial judge who accepted appellant's *nolo contendere* plea recognized the possibility of a finding of a violation of probation against appellant arising out of the *nolo contendere* plea proceeding when he advised appellant, as follows:

> THE COURT: Okay. I want to go over a couple of ramifications of your plea just to make sure you understand it. If you were on parole or probation in any other case, you understand that this plea could have a negative impact on that. Do you understand that?
>
> [APPELLANT]: Yes.
>
> THE COURT: What I mean by that is say **you have a case that has been represented to me that you are on [probation] where you have back-up time. That judge, as a result of this case, could potentially sentence you to additional jail time, extend your probation, do any number of things. Do you understand that?**

---

[13] *See* footnote 12, *supra*.

31

[APPELLANT]: **Yes, sir.**

(Emphasis added.)

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. APPELLANT TO PAY COSTS.**